## ATLANTA STEEL COMPANY *et al. v.* MYNAHAN.

FISH, C. J.  1. When a proposed amendment to a charter is fundamental, radical, or vital, the unanimous consent of the stockholders to its acceptance is essential. *Winter* v. *Muscogee Railroad Co.*, 11 *Ga.* 438; *May* v. *Memphis Branch R. Co.*, 48 *Ga.* 109; *Snook* v. *Georgia Improvement Co.*, 83 *Ga.* 61 (9 S. E. 1104); *Alexander* v. *Atlanta &c. R. Co.*, 108 *Ga.* 151 (33 S. E. 866).

2. An amendment to a charter of a corporation, increasing its capital stock, whether common or preferred, is fundamental. 10 Cyc. 208; Ib. 406 (g); Ib. 569 (2).

3. According to the allegations of the petition, the defendant corporation, the Atlanta Steel Company, pending its application for an increase of its capital stock, entered into a written contract with the plaintiff, one of the terms of which was: "The capital stock of said company shall all be common stock of the same rank and dignity, and all preferences heretofore created shall be withdrawn and revoked, no stock having been issued thereunder, and the capital stock of said company shall be increased to a total of not exceeding $750,000, all being said common stock." It further appears from the petition, and in a copy of the order allowing the amendment to the charter of the defendant corporation, attached as an exhibit to the petition, that the increase of stock was allowed "provided all the stockholders of said corporation have assented or do assent to said amendment." The petition further alleged that the plaintiff never consented to an amendment allowing the issuance of preferred stock, and never assented to the issuance of any preferred stock.

(a) According to the briefs filed by counsel for both parties, the real question made by the petition was whether the defendant corporation had the right to issue preferred stock, and, if not, was the plaintiff, under the allegations of the petition, entitled to have the preferred stock in the hands of the holders thereof declared illegal.

4. The original petition was not subject to general demurrer.

5. Nor was it open to demurrer on the ground that it was multifarious because the plaintiff stated that he sued for himself and others similarly situated, and relied for relief upon the contract entered into by the plaintiff and the defendant corporation, and also on the plaintiff's right as a stockholder, and because the petition so confusedly intermingled such respective rights as to make it impossible to determine which plaintiff was proceeding under, and that therefore he should be put to an election between his remedies.

6. In view of the allegations of the petition it was not subject to demurrer on the ground that it failed to disclose that plaintiff as a stockholder had exhausted all means within his reach within the corporation itself, and failed to show that he had made an earnest effort with the managing body of the corporation to obtain relief.

7. The amendment to the petition was not demurrable either on the ground that it added new parties, or that it added a new cause of action.

8. Nor was the paragraph of the amendment which alleged that the Trust Company of Georgia held the issue of $150,000 of preferred stock, issued to it in one certificate, as agent of the defendants to the action (except the Atlanta Steel Company), demurrable on the ground that it set forth a mere conclusion of the pleader.

9. The petition as amended was not subject to the demurrer on the ground that it was a new and distinct application for injunction on grounds which were known, or could have been known, to the plaintiff prior to the institution of the amended application for injunction.

*Judgment affirmed. All the Justices concur.*

SEPTEMBER 24, 1912.

Equitable petition. Before Judge Ellis. Fulton superior court. March 27, 1911.

*Payne & Jones* and *Anderson, Felder, Rountree & Wilson,* for plaintiffs in error. *Smith, Hastings & Ransom,* contra.