## MACON GAS COMPANY *et al. v.* RICHTER *et al.*

1. Where the charter of a gas company fixed the amount of its capital stock at $75,000, with a privilege in the board of directors to increase such amount, but with no statement as to the extent to which such increase might be made; and where by an amendment to the charter it was provided that the consent of the holders of two thirds of the common stock outstanding should be required in order to make any increase in such stock; and where, by a second amendment, the extent to which such stock could be increased was fixed at $500,000,—construing the charter and the two amendments together, the manner of any increase was provided by the charter and the first amendment, and the extent to which it could be made was limited by the second amendment.

2. Increasing the amount of the common capital stock in a corporation in excess of the amount authorized by the charter is a vital and funda-

mental change of the original contract, and requires the unanimous consent of all the stockholders.

3. The superior court has jurisdiction to enjoin a corporation from applying for an increase of its common capital stock in excess of the amount authorized by its charter, at the instance of the minority stockholders, in a proper case made.

4. Where minority stockholders have purchased stock in a corporation which is seeking to increase its capital stock in excess of the amount authorized by its charter and is illegally pursuing a course in violation of the rights of the minority stockholders, the latter are entitled to equitable relief to enjoin such illegal increase in the capital stock. And this is so regardless of the purpose for which the minority stockholders purchased their stock. The latter can have the stockholders and directors enjoined from exceeding the powers granted them by the charter.

APRIL 22, 1915.

Petition for injunction. Before Judge Mathews. Bibb superior court. September 24, 1914.

*Hatcher & Smith* and *Harris & Harris,* for plaintiff in error.
*Hardeman, Jones, Park & Johnston* and *H. S. Strozier,* contra.

HILL, J. Bruno Richter and Simon J. Dannenberg brought their equitable petition against the Macon Gas Company and its officers, the Georgia Light, Power and Railways, and others, to enjoin them from further proceedings to increase the common capital stock of the Macon Gas Company in excess of the sum of $500,000. The petition, answer, and demurrer are exceedingly lengthy and comprehensive, and even a concise synopsis of each would unnecessarily lengthen this opinion. Enough of the facts will be brought out to make clear the points decided. The Macon Gas Company was incorporated by the General Assembly of Georgia by an act approved February 17, 1876, with an authorized capital stock of $75,000, with the privilege of increasing or decreasing the same at the pleasure of the board of directors. In 1898, by proceedings in the superior court, the charter was so amended that the stock should not be increased except by the consent of two thirds of the holders of the whole amount of common stock; and subsequently the charter was again amended on July 17, 1911, so as to provide for an authorized common capital stock not to exceed in the aggregate $500,000. Under this last amendment the Macon Gas Company has issued an aggregate of $300,000 of common capital stock. The owners of the majority of the common capital stock, who are alleged to be the Georgia Light, Power and Railways and others, seek to increase the common capital stock of

the Macon Gas Company to an amount in excess of $500,000, namely, to $700,000. The plaintiffs, who are the owners or holders of 15 shares of the common capital stock of the corporation, filed a petition to enjoin the defendants from issuing stock in excess of $500,000, and from further proceeding to obtain an amendment to the charter authorizing such increase, and from applying to the railroad commission or taking other steps to effectuate such increase. On the hearing the judge enjoined the defendants from further proceeding to increase the capital stock in excess of $500,-000, and the defendants excepted.

1. The act of 1876 (Acts 1876, p. 245), incorporating the Macon Gas Company, fixed the capital stock at $75,000, with the privilege of increasing or decreasing the same at the pleasure of the board of directors. In 1898 the superior court of Bibb county allowed an amendment to the charter, as authorized by the Civil Code (1910), § 2823 (6), which amendment provided that "The amount of common stock outstanding at any time shall not be increased except after obtaining the consent of two thirds of the whole amount of common stock which shall be at the time of such proposed increase outstanding, given at a meeting of the stockholders called for that purpose." By another amendment to the charter, granted by the superior court in 1911, it was provided that "The corporation shall have authority to increase its common stock from time to time to an amount not to exceed in the aggregate $500,000." Construing the amendment of 1911 in connection with the amendment of 1898, we think the amendment of 1911 places a limitation on the power to issue common capital stock of the corporation in excess of $500,000. Previously to the act of 1911 there was no limitation on the amount of stock which might be issued, but the amendment of 1911 expressly declares that the amount which may be issued shall not exceed in the aggregate $500,000. When, therefore, it was sought to increase the common capital stock in excess of the amount authorized in the charter, the stockholders and directors of the corporation were exceeding their charter powers; and they may be restrained, on a proper case made at the instance of the dissenting stockholders, from making an unauthorized increase in the capital stock. *Woodruff* v. *Columbus Investment Co.*, 135 Ga. 215 (68 S. E. 1103). See Peck *v.* Elliott, 79 Fed. 10, 13 (24 C. C. A. 425, 38 L. R. A. 616); 2 Thomp. Corp. §§ 2076-2078; Angell & Ames, Corp. (11th ed.) § 146.

2. It is insisted by the plaintiffs in error that the unanimous consent of the stockholders of the Gas Company is not required in order to increase the capital stock beyond that named in the charter; in other words, that such consent is not necessary in order to obtain an amendment to the charter of a public-service corporation, for to increase the amount of the common capital stock of such a corporation in excess of the amount authorized by the charter would, in effect, be an amendment to the charter. This court has held that such an amendment to the charter of a corporation is fundamental and vital, and requires the unanimous consent of the stockholders to its acceptance. *Atlanta Steel Co.* v. *Mynahan,* 138 *Ga.* 668 (75 S. E. 980), and cases cited. Increasing the capital stock of the Macon Gas Company in excess of the amount authorized by its charter would be a fundamental change of the original contract, and can not be done without the consent of all the stockholders. Morawetz on Private Corp. (2d ed.) § 403. The argument that the proposed act of increase is a legislative act, and can not on that account be enjoined, is untenable.

3. Has the superior court equity jurisdiction to enjoin a corporation from applying, in its corporate capacity, for an increase of stock in excess of the amount authorized by its charter to be issued, in the absence of consent of minority stockholders? If a court of equity has a right to enjoin a corporation from issuing stock after it obtains authority to do so, certainly it would have the right to prevent the corporation from changing its contract in a fundamental and vital particular which it would not be permitted to carry out. Morawetz on Priv. Corp. § 403. Section 2224 of the Civil Code provides: "A minority stockholder may proceed in equity in behalf of himself and other stockholders for fraud, or acts ultra vires, against a corporation, its officers and those participating therein, when he and they are injured thereby. But there must be shown— . . (4) That the majority stockholders are oppressively and illegally pursuing, in the name of the corporation, a course in violation of the rights of shareholders, which can only be restrained by a court of equity; and it must also appear— (5) That petitioner has acted promptly; that he made an earnest effort to obtain redress at the hands of the directors and stockholders, or why it could not be done, or it was not reasonable to require it," etc. The allegations of the petition bring the petitioners within

the class which is entitled to the relief provided in the code section just quoted from; and the evidence for the plaintiff tended to support the allegations. It is insisted that a minority stockholder can not institute suit until he shows injury, and until he shows that he has applied to the corporation for redress and it has been refused him. Conceding, for the sake of the argument, that these things have not been shown, the reply is that this doctrine has no application to a case where an attempt is being made on the part of a corporation to change the contract made by its charter in a vital and fundamental particular. And, as already observed, 'the proposed increase is a vital and fundamental change.

4. It is contended that the plaintiffs are not entitled to equitable relief, because they have not come into court with clean hands; that the plaintiffs bought up the 15 shares of stock in order to obstruct the interests of a majority of the stockholders, and to make themselves a nuisance, and in order to force the defendants for the sake of peace to purchase their stock at an exorbitant price; that they have no real interest in the corporation, and defendants deny that plaintiffs' consent to the issue of stock is necessary, and say that they are attempting to get relief by personally objecting to the increase of the capital stock. The reply to this argument is, that, under the facts of this case, the defendants are "illegally pursuing" a course in violation of the rights of the minority stockholders, and thus bring themselves in a position contemplated by the code section quoted from in a preceding division of the opinion, entitling the minority stockholders to relief. As held in the case of *Central R. Co.* v. *Collins,* 40 *Ga.* 582 (2): "If one be a bona fide holder of stock in a railroad company, and file a bill to enjoin the company from making a purchase not authorized by the charter, it is not a sufficient reply to the bill that the plaintiff is not in good faith seeking the interests of the company, but is acting in the interests of a rival road. Each stockholder has a right to stand upon his contract as provided by the charter." A minority stockholder has the right to insist on the contract, and to see that the stockholders and directors shall not exceed the powers granted to them by the charter.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*