## RICHTER *et al. v.* MACON GAS COMPANY *et al.*

1. Although process be prayed against non-resident defendants, yet, if they are not served in the court below, a writ of error to a judgment on a demurrer filed by resident defendants will not be dismissed because the bill of exceptions is not served on the non-residents.
2. Where a plaintiff prays different forms of relief, and the court adjudicates that he is not entitled to a specific relief, and strikes from the petition the prayer and its appropriate allegations, leaving in the petition a complete cause of action, such judgment is interlocutory in its nature, and not reviewable until a final judgment is rendered in the pending case.

FEBRUARY 15, 1916.

Equitable petition. Before Judge Mathews. Bibb superior court. November 3, 1914.

The plaintiffs are minority stockholders of the Macon Gas Company. They filed a suit against that corporation and its directors, and against the "Georgia Light, Power and Railways, an artificial person organized and existing under the laws of Massachusetts," its president, P. G. Gossler, and J. B. Campbell of New York, alleging in substance: The common stock of the gas company, except that of the plaintiffs, is owned by the Georgia Light, Power and Railways, which allows the directors of the gas company to hold in its name enough stock to qualify themselves as directors; but they are dominated by the real owners of the stock. The majority directors and stockholders of the gas company have caused corporate action to be taken to procure an amendment of the charter, increasing the capital stock of the corporation beyond the limit fixed in the charter, over the protest and without the consent of the plaintiffs. The Georgia Light, Power and Railways (hereafter called the holding company) was organized to buy and own the shares of the Macon Gas Company, the Macon Railway & Light Company, the Central Georgia Power Company, and the Central Georgia Transmission Company, to the end that competition in the respective businesses of these corporations might be defeated and lessened, and monopoly encouraged. The holding company exists by virtue of the laws of Massachusetts, and is an artificial person having stock and stockholders, the right of continued existence independently of the death of such shareholders, the right to sue and be sued, to have and use a common seal, and all the powers, duties, and liabilities incident to corporations under the laws of Georgia, and is a corporation within the purview and intent of article 4, section 2, paragraph 4, of the constitution of Georgia, which declares that the General Assembly of the State shall have no power to authorize any corporation to buy shares or stock in any other corporation or to make any agreement intended to have the effect to defeat competition in the respective businesses, or to encourage monopoly. The gas company is a corporation under the laws of this State, formed for the purpose of furnishing gas for lighting, heating, and other purposes, and was successfully engaged in operating its business when the holding company acquired its stock. The Macon Railway and

Light Company is a Georgia corporation organized and operated to sell and distribute electricity for illuminating, heating, and other purposes. The Central Georgia Power Company (hereafter called the power company) is a Georgia corporation organized for and engaged in manufacturing, selling, and distributing electricity for lighting and other purposes. The Central Georgia Transmission Company (hereafter called the transmission company) is a Georgia corporation allied with the power company and with the railway and light company, but the exact scope of its business relations is unknown to plaintiffs. There existed a contract between the power company and the railway and light company, whereby the former sold to the latter a large portion of the electrical current distributed by it; but since the purchase of the stock of these corporations by the holding company competition between them has been effectually destroyed, the power company and the railway and light company having agreed that the former shall supply large consumers and the latter the small or retail consumers. Some of the stock of the subsidiary corporations has been held by Gossler, and a few shares by Leach & Company, of which firm Campbell is a partner; but really and in fact all the stock held in their names belongs to the holding company. The directors of the gas company were selected by the holding company, and hold their office at its will. The election of the directors of the gas company is charged to have been illegal, because the same was accomplished by voting the stock owned by the holding company. Immediately after the holding company acquired the capital stock of the gas company, it proceeded to defeat and lessen competition between it and the other corporations, the stock of which was owned by it. The gas company enjoyed a large and lucrative patronage for the lighting of residences, stores, and other buildings in the city of Macon, but by an electric sign on a prominent street intersection the holding company advised the public: "Use electricity for light and power. Cook with gas," and through the medium of the other corporation, the shares of stock of which are owned by the holding company, and by its management of the gas company's affairs, it has destroyed the lighting business of the gas company, and has decreased the amount of gas sold and the rate of pay received therefor by the gas company. The holding company has combined the offices of its subsidiary·

corporations, and its employees and those of the railway and light company manage the affairs of the gas company, and for all practical purposes the gas company has lost its identity and become but a department of the railway and light company; its stock has lost a market, and can only be sold at a price fixed by the holding company. Not only have the plaintiffs been damaged as stockholders of the gas company, but the citizens of Macon have suffered from the removal of the gas company as a competitor in the business of supplying light and power to them. The prayers of the petition are, to cancel the contracts under which the holding company claims to own stock in the other corporations, as violative of article 4, section 2, paragraph 4, of the constitution; for an injunction to restrain the holding company from owning and controlling any of the stock in the alleged competing companies, and from voting its stock in the gas company; for an injunction to prevent the directors of the gas company from further exercising their powers as such, and that their election be declared void; for an injunction to prevent the gas company from increasing its capital stock; for the appointment of a receiver for the stock of the gas company owned by the holding company, with power to vote it in the election of directors, and otherwise as directed by the court, and, in the event that stock is beyond the jurisdiction of the court, that a receiver be appointed for the gas company, to administer its affairs for the benefit of all persons legally interested therein; for general relief; and for service of the petition on the non-residents by publication.

An ex parte order was taken for service of the petition on the non-resident defendants. A demurrer was filed by the gas company and its directors. At an interlocutory hearing a temporary injunction was granted against the amendment of the charter of the gas company providing for an increase of its capital stock. Afterwards the court sustained a general demurrer to all the petition, except to so much thereof as related to an injunction against the Macon Gas Company, and its officers and agents, as to proceeding to increase its capital stock.

*Hardeman, Jones, Park & Johnston* and *Harry S. Strozier,* for plaintiffs.

*Hatcher & Smith* and *Harris, Harris & Witman,* for defendants.

EVANS, P. J.  (After stating the foregoing facts.)

On the call of the case a motion was made to dismiss the bill of exceptions, on the ground that the judgment to which exception is taken is not a final disposition of the case, as it only strikes a part of the petition, and leaves the petition, stating a complete cause of action, pending in the superior court; and on the further ground that the Georgia Light, Power and Railways and J. G. Campbell are necessary parties, and no service of the petition has been made upon them in the superior court, and no service of the bill of exceptions has been made on them.  We will notice these points in their inverse order.

1.  An order was passed in the superior court, providing for service by publication of the petition on the Georgia Light, Power and Railways; but the record does not show compliance therewith. That corporation did not become a party in the court below, and therefore is not a necessary party in this court to the review of the judgment complained of.

2.  The petitioners complain as stockholders.  They allege a cause of action against the Macon Gas Company, and its directors, to enjoin them from increasing the amount of the common capital stock of the gas company, in excess of the charter limitation, over their protest and without their consent.  It was so ruled when this court had under review the interlocutory judgment.  *Macon Gas Co.* v. *Richter,* 143 *Ga.* 397 (85 S. E. 112).  In addition to this relief the plaintiffs seek to have the court take the Macon Gas Company out of the hands of its officers and appoint a receiver, so as to deprive the majority stockholder of its right to vote.  The court was of the opinion that the allegations concerning this aspect of the case made the petition multifarious, and, in view of the previous procedure for an interlocutory injunction against an increase of the capital stock, struck such allegations from the petition.  With these allegations stricken the petition stated a complete cause of action which had not gone to final decree.  In other words, the action is still pending in the superior court.  The plaintiffs must of necessity take one of two positions: either the Macon Gas Company and its directors and the resident defendants were the only parties defendant in the court below, or the non-residents named in the petition were also parties.  If the latter position be taken, then the non-resident defendants must be served

with the bill of exceptions. A failure to serve them will result in a dismissal of the bill of exceptions. If the other position be assumed, then the question is presented, whether a plaintiff can by bill of exceptions review a judgment striking a part of his allegations, leaving the petition stating a complete cause of action pending in the trial court. We answer that question in the negative. A contrary ruling would countenance a separate review of every interlocutory ruling, irrespective of the finality of the decision or its effect on the case. This holding does not conflict with the ruling that a judgment on demurrer as to one defendant in a joint action, against him and others, is reviewable by direct exception. See *Burns* v. *Horkan*, 126 *Ga.* 161 (54 S. E. 946). It follows that the writ of error must be

*Dismissed. All the Justices concur.*