## JOHNSON et al. v. TRIBUNE-HERALD COMPANY.

1. When proposed amendments to a charter of a corporation are fundamental, radical, and vital, the unanimous consent of all the stockholders to their acceptance is essential.

2. Amendments which propose to increase the par value of shares of stock from $1 to $100, which provide that the number of directors may be fixed by the by-laws of the corporation when the number thereof is fixed by the charter, which eliminate from the charter a provision that no holder of the common stock of the company shall sell any part of his holdings until he has given sixty days notice of his desire to sell, to each holder of common stock, and that any other holder of such common stock shall have the right to buy said offering within sixty days at the price offered by any other person, and which give to the corporation the right to retire any or all of its preferred stock at such price as the corporation may agree upon with the owner thereof, the minumum capital stock of the company, fixed by its charter, being $35,000, composed of $25,000 of common and $10,000 of preferred stock, without provision in the charter for retirement of the preferred stock, are fundamental, radical, and vital amendments, and can not be made without the unanimous consent of all the stockholders.

3. The complaining stockholders were without adequate remedy at law, and were entitled to injunctive relief against the proposed amendments to the charter of this company.

4. The court erred in refusing to enjoin the application of the company for the above amendments to its charter.

No. 3135.     FEBRUARY 28, 1923.

Petition for injunction. Before Judge Wright. Floyd superior court. February 17, 1922.

*M. B. Eubanks* and *Willingham, Wright & Covington,* for plaintiffs.

*Maddox, Lipscomb & Matthews,* for defendant.

HINES, J. 1. The Tribune-Herald Company applied to the superior court of Floyd County to amend its charter. At a meeting of the stockholders of this company a resolution was passed, authorizing the directors to make application for such amendments to the charter of this company as they might deem advisable. At this meeting the plaintiffs, who were stockholders, were not present; and the resolution was passed by a majority of the stockholders. The notice calling this meeting did not state that the question of the amendment to the charter would be acted upon. The proposed changes in said charter were: (*a*) the increase of the par value of the stock from $1 to $100; (*b*) that the number of directors be fixed by the by-laws of the com-

pany instead of by its charter; (c) that section 6 of the original charter be eliminated; and (d) "that the corporation shall have the right to retire any or all of the preferred stock at such price as the corporation may agree upon with the owner thereof, at such time as it may seem proper." Plaintiffs contend that the above changes are radical and fundamental, and that the same can not be made without the unanimous consent of all the stockholders. As stockholders of the company they seek to enjoin the latter from obtaining the above amendments to its charter.

It is now well settled in this State that when proposed amendments to a charter are fundamental, radical, or vital, the unanimous consent of all the stockholders to their acceptance is essential. *Winter* v. *Muscogee R. Co.*, 11 *Ga.* 438; *May* v. *Memphis &c. R. Co.*, 48 *Ga.* 109; *Snook* v. *Ga. Improvement Co.*, 83 *Ga.* 61 (9 S. E. 1104); *Alexander* v. *A. & W. P. R. Co.*, 108 *Ga.* 151 (33 S. E. 866); *Atlanta Steel Co.* v. *Mynahan*, 138 *Ga.* 668 (75 S. E. 980); *Macon Gas. Co.* v. *Richter*, 143 *Ga.* 397 (85 S. E. 112); *McKemie* v. *Eady-Baker Gro. Co.*, 146 *Ga.* 753 (92 S. E. 282). Is the increase of the par value of the shares of stock of this company from $1 to $100 fundamental, radical, or vital? The market for shares of the denomination of $1 is much wider than the market for shares of the denomination of $100, for the simple reason that more people can invest in shares of the former than of the latter denomination. This is the prime, if not the only, reason for fixing the par value of the stock at $1. The general practice of fixing the par value of oil, mining, and similar stocks at this low figure is based on this consideration alone. The holder of shares of this denomination can more readily find purchasers for them than if the higher par value of $100 is fixed. This is a valuable property right. We are of the opinion that such a change in the par value of the shares of this company is fundamental; and that it can not be made without the unanimous consent of the stockholders.

By the original charter the number of directors was fixed at four. The proposed amendment thereto provides " that the number of directors may be fixed by the by-laws of the corporation instead of by the charter." Is this a vital change? It has been held that an alteration of a charter increasing the number of directors is not fundamental. *Mower* v. *Staples*, 32 Minn. 284 (20

N. W. 225); Bond *v.* Atlantic Terra Cotta Co., 137 App. Div. 671 (122 N. Y. Supp. 425). The precise question here is not whether the number of directors can be increased or diminished by an amendment to the charter, but whether the charter which fixes the number of directors can be so amended as to eliminate this provision, and permit the number of directors to be fixed by the by-laws of the company. Such a change would put the direction and management of the affairs of the company in a body of directors not fixed and provided for by the charter of the company, but fixed and provided for in its by-laws. In other words, the law of the charter on this subject is superseded by the by-laws. The by-laws of the company can be adopted by a vote of the majority of the shareholders. By this means the number of directors can be increased or decreased, a thing which can not be done under the original charter. It seems to us that an amendment which permits a majority of the stockholders to adopt a by-law which alters a provision of the charter of the company is fundamental, and requires the unanimous consent of the shareholders.

The next change proposed is the entire elimination of section 6 of the original charter. This section provides that no holder of the common stock of the company shall sell any part of his holdings until he has given sixty days notice of his desire to sell, to each holder of the common stock, and any other holder of such common stock shall have the right to buy said offering within sixty days at the price offered by any other person. If more than one common stockholder desire to purchase the offering, it shall be sold to holders of the common stock equally or on equal terms. It has been held that such provision is valid and binding. Trust Co. *v.* Abbott, 162 Mass. 148 (38 N. E. 432, 27 L. R. A. 271); Barrett *v.* King, 181 Mass. 476 (63 N. E. 934); In re Lindsay's Estate, 210 Pa. 224 (59 Atl. 1074); Casper *v.* Kalt-Zimmers Mfg. Co., 159 Wis. 517 (149 N. W. 754, 150 N. W. 1101); Farmers' Mercantile &c. Co. *v.* Laun, 146 Wis. 253 (131 N. W. 366); Scruggs *v.* Cotterill, 67 App. Div. 583 (73 N. Y. Supp. 882); Moses *v.* Soule, 63 Misc. 203 (118 N. Y. Supp. 410). The Supreme Court of Wisconsin said: "It is sometimes necessary, and often desirable, that a corporation protect itself against the acquisition of shares of its stock by rivals in business or other dis-

turbers who might purchase shares merely for the purpose of acquiring information which might thereafter be used against the interests of the company." In re Laun, 146 Wis. 252, 253 (131 N. W. 366). Again the Supreme Court of Wisconsin said: "The personal element is as important in the make-up and management of a corporation as it is in almost every other undertaking. Restrictions, therefore, reasonably protecting incorporators or stockholders in their interests, by permitting them first to purchase stock offered for sale, should be held lawful as promotive of good management and sound business enterprise." Casper v. Kalt-Zimmers Mfg. Co., supra.

We are aware that the authorities upon this subject are not harmonious. It has been held that a by-law imposing any restriction on the alienation of shares of stock was in restraint of trade and against public policy and void. Moore v. Bank of Commerce, 52 Mo. 377. The same court held that a by-law prohibiting a transfer to one not already a stockholder without first offering the stock to the board of directors, followed by the refusal of each member to buy at the price offered by a third person, was void. Brinkerhoff Farris Trust Co. v. Home Lumber Co., 118 Mo. 447 (24 S. W. 129). It has been held that a by-law, to the effect that if any stockholder shall desire to dispose of his stock he shall give written notice of his intention to sell at a stated time before the transfer shall be made, and that the other stockholders shall thereupon have the option to purchase the stock at the price named, is invalid. Bloede Co. v. Bloede, 84 Md. 129 (34 Atl. 1127, 33 L. R. A. 107, 57 Am. St. R. 373). But this provision of the charter of this company does not prohibit or restrict alienation, but simply gives the right to the stockholders to buy of other stockholders who wish to dispose of their stock. We believe the better rule is that such a provision is not against public policy and is not void. Holding that this provision is a valid one, the elimination thereof from the original charter by this amendment is a fundamental change, and can not be made without the unanimous consent of all the stockholders.

The next change proposed is that the corporation shall have the right to retire any or all of the preferred stock at such price as the corporation may agree upon with the owner thereof at such time as it may deem proper. An amendment to the charter

of a corporation increasing its capital stock, whether common or preferred, is fundamental. *Atlanta Steel Co.* v. *Mynahan,* and *Macon Gas Co.* v. *Richter,* supra; *National Bank* v. *Amoss,* 144 *Ga.* 425, 431 (87 S. E. 406, Ann. Cas. 1918A, 74). It must necessarily follow from the above ruling that any diminution of the minimum capital stock of a corporation is fundamental. Loss of capital from decreasing the capital stock of a corporation may be much more hurtful than any harm arising from any increase thereof. The charter of this corporation provided for a minimum capitalization of $35,000, which was to consist of $25,000 of common stock and $10,000 of preferred stock. There is no provision in the charter for the retirement of the preferred stock. The proposed amendment provides for the retirement of preferred stock. This is a radical change, and requires the unanimous consent of the stockholders to become effective.

2. It does not appear whether the resolution of the stockholders, authorizing the directors to make application for such amendments to the charter as they might deem advisable, was passed at a regular annual meeting of the stockholders or at a called meeting thereof. Whether it was passed at one or the other, as this action of the stockholders was extraordinary and outside of the usual business transacted at regular or annual meetings, notice of this purpose should have been given to the stockholders. 14 C. J. 891, § 1369. No such notice having been given to the stockholders for this purpose, the plaintiffs, not being present at the meeting when the resolution was passed, would not be bound thereby.

3. The plaintiffs were without an adequate remedy at law, and are entitled to injunctive relief against the proposed amendments to the charter of this company. *Macon Gas Co.* v. *Richter,* supra.

4. So we are of the opinion that the court below erred in refusing to enjoin the application of the defendant for the above amendments to its charter.

*Judgment reversed. All the Justices concur.*