29068. FORD *v.* JONES *et al.*

DECIDED NOVEMBER 26, 1941.

*Barrett & Nall,* for plaintiff in error.
*McElreath, Scott, Duckworth & Riley,* contra.

FELTON, J. M. A. Jones and Neal Clark sued C. L. Ford alleging: "That petitioners sold the defendant, C. L. Ford, the products of George Weston, Limited, such as crackers, cookies, rolls, etc., until September, 1939, at which time defendant was indebted to petitioners in the sum of nine hundred sixty-three and 85/100 ($963.85) dollars; that defendant admitted to petitioners the correctness of said account and agreed to pay same. Petitioners show that said account is due and payable to them by defendant, and that there is no offset against said account of any kind or character." The defendant filed an answer denying these paragraphs. He filed a first amendment to his answer setting up a counter-claim against plaintiffs by reason of an alleged breach of contract. The court dismissed this amendment on November 7, 1940, on "oral demurrer." The defendant also filed a second amendment to his answer. Paragraph A of the second amendment alleged: "Plaintiff, Neal Clark, on behalf of both plaintiffs agreed at the time defendant agreed to handle the Weston's products on or about March 12, 1939, to stake him and stand any losses if any on the account up to the sum of $300; and subsequently when new delivery equipment was required the said Neal Clark raised this amount to $500. This amount should be credited on the account and has not been." Paragraphs B, C, and D, of the amendment set up a counter-claim arising out of alleged breach of contract by the plaintiffs. Paragraphs B, C, D, and E of the second amendment were stricken on motion of the plaintiffs' attorney on November 7, 1940. The testimony of the defendant showed that he owed the plaintiffs the amount sued for less the $500 credit claimed in paragraph A of his second amendment. The court directed a verdict for the plaintiffs for that amount. The defendant excepts by direct bill of exceptions to the direction of the verdict, and on exceptions pendente lite to the striking of his amendments and to the exclusion of certain testimony.

The assignments of error on the exceptions pendente lite can not be considered. The rulings complained of occurred at the first trial of the case on November 7, 1940. The exceptions pendente lite were tendered and certified on March 26, 1941. Under no circumstances can exceptions pendente lite be tendered more than 60 days from the date of the ruling complained of. The certificate of the judge that he orally ordered that the exceptions pen-

dente lite be considered as filed on November 7, 1940, would not alter the result where it does not appear that the exceptions were tendered at that time or at any other time within the limit prescribed by law. Code, § 6-905.

■ No question as to the form of the action was raised on the trial; and since a suit on open account may be amended to proceed on account stated (*Richter* v. *Macon Gas Co.*, 144 *Ga.* 650, 87 S. E. 895), since the evidence demanded the verdict directed there was no error in directing it. The defendant was given credit for all he contended for in that part of his unstricken answer and amendment.

■ The defendant is estopped to contend that the plaintiffs were not the parties with whom he dealt as principals when he sought to rely on his dealings with them as such to sustain the credit which he succeeded in obtaining.

■ The court did not err in refusing to permit the defendant to testify as to what his services to the plaintiffs were worth. The amendments to the answer setting up a counter-claim for services allegedly accruing by reason of the plaintiffs' breach of contract had been stricken and the rulings thereon became the law of the case. The court did not err in directing the verdict for the plaintiffs.

*Judgment affirmed. Stephens, P. J., and Sutton, J., concur.*