## 21787. THE JOHN P. KING MANUFACTURING COMPANY v. CLAY et al.

ARGUED SEPTEMBER 11, 1962—DECIDED OCTOBER 4, 1962.

*Cumming, Nixon, Eve, Waller & Capers,* for plaintiff in error. *Jones, Bird & Howell, Harris, Chance, McCracken & Harrison, Hull, Willingham, Towill & Norman, Fulcher, Fulcher, Hagler & Harper,* contra.

ALMAND, Justice. This writ of error brings under review the judgment of the trial court in granting an interlocutory injunc-

tion and antecedent rulings. It is a suit by owners of common stock in a private corporation to enjoin the corporation from further processing a proposed amendment to the corporate charter on the ground that prior proceedings by the stockholders had not been in conformance with the corporate charter or the laws of this State.

The legal questions postulated for decision are presented primarily on the petition and the general demurrer. Emily T. Clay and Ellen P. Thomas in their petition alleged that they were owners of 5,813 shares of common stock in the defendant corporation, The John P. King Manufacturing Company, chartered under the laws of Georgia; that the defendant corporation had filed its petition in Richmond Superior Court to amend its charter in which petition it was alleged that at the regular meeting of its stockholders on January 24, 1962, the stockholders had adopted a resolution providing for the corporation to apply for and procure an amendment to its charter. It was alleged that said resolution was not adopted by a two-thirds vote of the owners of stock, common and preferred, who were entitled to vote as required by Sec. 8 of the 1938 Corporation Act (Ga. L. 1938, pp. 214, 220; Code Ann. § 22-1816), and that said amendment adversely affects the rights of the holders of common stock. It was alleged that the amendment had not become effective because the filing fee had not been paid to the Secretary of State. It was alleged that the purported amendment vitally affects the petitioners and other owners of common stock of the corporation.

The prayers were that the defendants, the corporation and the Secretary of State, be enjoined from further processing the amendment to the charter.

The defendant corporation's demurrers to the original petition and to the petition as amended and its plea of res adjudicata were overruled. Upon the hearing the trial court enjoined the defendants as prayed. All of these rulings are assigned as being erroneous.

■ The demurrers to the original petition as well as to the amendments to the petition and to the petition as finally amended raise the question which is determinative of the main issues

in this case, and that question is: Did the proposed amendment obtain the approval of the stockholders as required by the charter or as required by the laws of the State of Georgia?

Under the original charter of the defendant corporation, granted in 1881, several times renewed, the last time after the passage of the Corporation Act of 1938, there was no specific provision as to the requirements for voting on amendments to the charter. The defendant corporation contends that under Art. IX of its charter, which provides, "That each stockholder shall be entitled to one vote for each share of stock held by him and a majority vote shall always govern, except in the matter of winding up the affairs of the corporation, in which said event, a two-thirds vote of all stock represented at a regular meeting shall be necessary," the amendment was lawfully approved. The defendant corporation contends that this provision permits the corporation to amend its charter by a majority vote of all its stockholders and since the petition shows that a majority of its stockholders, both common and preferred, approved the proposed amendment, it should be permitted to proceed with the petition for amendment. The plaintiffs contend that Sec. 8 of the Corporation Act of 1938 (Ga. L. 1938, pp. 214, 220; *Code Ann.* § 22-1816), which provides, ". . . Unless the requirements of the existing charter of the corporation are to the contrary, such an amendment may be adopted by the vote of the holders of a two-thirds majority of the capital stock of the corporation entitled to vote thereon; . . .", is controlling in that Art. IX of the charter does not authorize the corporation to amend its charter by a majority vote of the stockholders. Plaintiffs further contend that as the petition of the defendant corporation to have its charter amended discloses that the proposed amendment only received a majority vote of the stockholders, the amendment had not been validly approved.

The amendment proposed to strike from Art. IX of the charter the following: "except in the matter of winding up the affairs of the corporation, in which said event a two-thirds vote of all the stock represented at a regular meeting shall be necessary"; and substitute in its place the following: "except that a two-thirds affirmative vote of all stock outstanding of record and

entitled to vote at any meeting shall be necessary in order to dissolve or liquidate the corporation, or to sell or lease or exchange all or substantially all of its assets, or to amend its charter, or merge or consolidate with any other corporation or corporations"; so that Art. IX, as amended, would read as follows: "That each stockholder shall be entitled to one vote for each share of stock held by him, and a majority vote shall always govern, except that a two-thirds affirmative vote of all stock outstanding of record and entitled to vote at any meeting shall be necessary in order to dissolve or liquidate the corporation, or to sell or lease or exchange all or substantially all of its assets, or to amend its charter, or merge or consolidate with any other corporation or corporations." It is insisted by the defendant corporation that Art. IX of its charter authorizes the stockholders to approve an amendment to the charter by a majority vote by reason of the words, "a majority vote shall *always* govern." (Emphasis ours.)

The charter of a corporation is in effect its constitution. Its powers in its control by stockholders and management by its officers are to be found in its charter. Its grants of power and exemptions must be strictly construed, whether they be due to the State or individuals. *Southwestern Railroad Co. v. Benton*, 206 Ga. 770 (58 SE2d 905). "The general principle underlying the right government of every incorporated body is that its members contract with each other, severally, to submit to the will of the majority in all matters concerning the fulfillment of the objects for which they are incorporated, but in no others." *May v. Memphis Branch R. Co.*, 48 Ga. 109, 115.

Section 8 of the 1938 Corporation Act, supra (*Code Ann.* § 22-1816) requires that an amendment to the corporate charter may be made by "the vote of the holders of a two-thirds majority of the captial stock of the corporation entitled to vote" unless "the requirements of the existing charter of the corporation are to the contrary." We find no specific provision of the existing charter as to the vote on an amendment to the charter. We construe Art. IX of the charter as controlling the vote of the stockholders in internal matters affecting the operation and management of the corporation and not as to matters affecting

a change in its charter powers by amendment to its charter. In this view we are strengthened by the fact that the exception to the rule of the majority vote in Art. IX, which requires a two-thirds vote in the winding up of the affairs of the corporation, is one affecting the internal management of the corporation and not one involving a change in the charter. In the construction of the provisions of a corporate charter the same rule applied in the construction of statutes and contracts prevails, and that rule is as follows: Where general words in the charter are followed by a description of specific objects, the meaning of the general words ordinarily will be presumed to be limited to the enumerated specific objects and to include only those things of the same nature as those specifically enumerated unless a clear manifestation of a contrary intent appears from the charter. See *Jenkins v. Jones,* 209 Ga. 758 (75 SE2d 815).

We thus are of the opinion that since the charter of the defendant corporation has no provision that the charter could be amended by a majority vote of its stockholders, the statute which requires a two-thirds vote is applicable. The petition which disclosed that the proposed amendment only received a majority vote was sufficient as against the demurrers of the defendant corporation.

■ It is argued that the petition failed to show any grounds for equitable relief in that the allegations therein show only a bare threat and apprehension of injury; that the defendant has completed all its acts to amend the charter; and that the petition failed to meet the requirements for a derivative suit by minority stockholders under *Code* § 22-711.

The charter of the defendant corporation is a contract between the State and the corporation and also between the corporation and its stockholders. The plaintiffs, as stockholders, have the right to insist that the corporation act within the terms of its charter and the law and further have the right to obtain the protection of the court against the violation of such contract without showing injury to them or first applying for redress to the corporation. See *Central Railroad Co. v. Collins,* 40 Ga. 582; *Macon Gas Co. v. Richter,* 143 Ga. 397 (85 SE 112); *Johnson v. Tribune-Herald Co.,* 155 Ga. 204 (116 SE 810); *Wood-*

*ruff v. Columbus Invest. Co.,* 135 Ga. 215 (2) (68 SE 1103);
and *Southwestern Railroad Co. v. Benton,* 206 Ga. 770, supra.
In *Central Railroad Co. v. Collins,* supra, it was said at page
617: "If the charters do not give to these companies the *right*
to go into this new enterprise, any one stockholder has a right
to object. He is not to be forced into an enterprise not included
in the charter. That it will be to his interest is no excuse; that
is for him to judge. By becoming a stockholder he has con-
tracted that a majority of the stockholders shall manage the
affairs of the company within its proper sphere as a corporation,
but no further; and any attempt to use the funds, or pledge the
credit of the company not within the legitimate scope of the
charter, is a violation of the contract which the stockholders
have made with each other, and of the *rights—the contract*
rights—of any stockholder who chooses to say, 'I am not willing.'
It may be that it will be to his advantage, but he may not think
so, and he has a legal right to insist upon it that the company
shall keep within the powers granted to it by the charter."
(Italics ours.)

The prayers of the petition were that the defendants, the cor-
poration and the Secretary of State, be restrained from further
processing the amendment. It was alleged that the corporation
had not fully complied with the requirements of law to validate
the amendment in that the necessary filing fee had not been
paid. Under Sec. 8 of the Corporation Act of 1938, supra, *Code
Ann.* §§ 22-1824, 22-1825, such fee had to be paid before the
amendment would become effective. It is contended that the
Secretary of State cannot be restrained because it is a suit
against the State to which it has not consented. The Secretary
of State did not raise this objection and the defendant corpora-
tion is in no position to do so. See *Bryan v. Rowland,* 166 Ga.
719 (144 SE 275), and *Georgia Music Operators Assn. v. Fulton
County,* 184 Ga. 348 (191 SE 117). Also the act of the Secretary
of State in filing the amendment is ministerial. See in this
regard *Stanley v. Sims,* 185 Ga. 518 (195 SE 439).

To plaintiffs' petition, the defendant corporation filed its
plea of res adjudicata in which it was alleged that counsel for
plaintiffs on January 22, 1962, requested, by letter to Judge

Anderson of Richmond Superior Court, that if and when the corporation presented a petition to amend the charter, they desired to be heard; that when such petition was presented a hearing was had and the judge signed the order allowing the amendment to the charter. It is insisted that this is a full and final judgment rendered by a court of competent jurisdiction and conclusive between the parties and bars the plaintiffs from raising any question as to the validity of the charter amendment.

Section 8 of the 1938 Corporation Act, supra (*Code Ann.* § 22-1818), provides that: "Upon petition of the corporation, accompanied by such certificate, being presented to the Superior Court of the county where the principal office of the corporation is located or to the Judge of the Superior Court in like manner as if it were an original application for incorporation, the Judge shall examine the same and, if it is found to be lawful, shall place an order declaring the same granted thereon." There is no statutory provision which either allows anyone the right to object to a petition to amend the charter of a private corporation or to intervene and become a party or to appeal by a writ of error to the allowance of the amendment. The act of the judge of the superior court in approving an amendment to a corporate charter is not judicial, but legislative, and the order approving the amendment does not constitute a judgment within the terms of *Code* § 110-501, which provides that, "A judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue, or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered, until such judgment shall be reversed or set aside," since there were no adverse parties to the proceeding and the order allowing the amendment did not constitute a judgment of a court of competent jurisdiction. In this regard see: *Gas Light Co. of Augusta v. West,* 78 Ga. 318; *In Re Union Club,* 142 Ga. 261 (82 SE 643); *Mangham v. Mallory,* 128 Ga. 430 (57 SE 688); and *Creswill v. Knights of Pythias,* 133 Ga. 837 (67 SE 188). The plea of res adjudicata was properly overruled.

■ On the hearing for an interlocutory injunction, the petitions, the answer of the defendant corporation, a stipulation

of facts and affidavits of witnesses were introduced in evidence. It was undisputed that less than two-thirds of the voting stockholders voted for the amendment to the charter. It also appears that the Secretary of State had returned the application to amend the charter to the court and had been dismissed as a party defendant.

The order of the court temporarily enjoining the defendant corporation from any further processing of the amendment to its charter was demanded as a matter of law. It was not error for the court to temporarily enjoin the defendant corporation, its officers and agents from depriving the plaintiffs of their rights as holders of common voting stock and from allowing the preferred stock to remain outstanding in violation of the resolution adopted by a majority of the voting stock of the corporation.

*Judgment affirmed. All the Justices concur. Duckworth, C. J., concurs in the judgment, but not in all that is said in the opinion.*