**HAMMONTON INVESTMENT AND MORTGAGE COMPANY, a New Jersey corporation, and United States Aviation Underwriters, Inc., Plaintiffs-Appellants,**

v.

**MORCO, LTD., formerly known as DEC Aviation Corp., and DEC Aviation Corporation, Wisconsin corporations; Stanley Allen Johnson and David Duane Allen, Defendants-Appellees.**

No. 18705.

United States Court of Appeals, Seventh Circuit.

Nov. 30, 1971.

Conrad H. Johnson, John L. Bruemmer, George McD. Schlotthauer, Madison, Wis., for plaintiffs-appellants.

Carroll Metzner and F. Dean Lawson, Madison, Wis., for defendants-appellees.

Before SWYGERT, Chief Judge, HASTINGS, Senior Circuit Judge, and PELL, Circuit Judge.

## PER CURIAM.

This matter before us stems from a diversity action in the federal district court on a claim for damages to an aircraft allegedly caused by the negligence of its pilot. Following the return of four special verdicts by a jury adverse to plaintiffs, judgment was entered favorable to defendants, dismissing the action on its merits. Subsequent motions by plaintiffs for relief under Rule 60(b) and for a new trial under Rule 59, Federal Rules of Civil Procedure, 28 U.S.C. A., were denied. Plaintiffs appeal. We affirm.

Plaintiffs were Hammonton Investment and Mortgage Company (Hammonton), a New Jersey corporation, the owner of the aircraft, and United States Aviation Underwriters, Inc. (USAU), a New York corporation, insurer of the aircraft.

Defendant Morco, Ltd., which at the time of the accident involved was defendant, DEC Aviation Corporation, was an aircraft sales and service corporation located at Truax Field, Madison, Wisconsin.. Defendant Stanley Allen Johnson was president of Morco and was the pilot of the aircraft at the time of the accident. Defendant David Duane Allen was employed by Morco and at the time was co-pilot of the aircraft.

This aircraft was originally a B–26 bomber of World War II vintage which had been reconditioned for commercial purposes by On Mark Engineering and redesignated as a Douglas A–26.

Hammonton had placed the aircraft with defendants Johnson and Morco for the purpose of selling it. Defendants were making an authorized demonstration of the aircraft to a prospective buyer when the loss occurred. Johnson had previously taken out hull insurance coverage on the aircraft when his company first took custody. When assured by Scaltrito, a vice-president of Hammonton, that Johnson and DEC were covered under Hammonton's USAU's policy, Johnson canceled his own hull coverage on the aircraft.

The accident occurred August 20, 1964, about 10:30 p. m. CDT, when Johnson and Allen, with the potential buyer aboard, were returning from the demonstration flight to and from La-Guardia Airport, New York. As they approached the Madison area at their assigned altitude of 10,000 feet the cloud cover was heavy and Johnson could not determine ground visibility. He was brought around to his final approach by the Madison air controller and was cleared for landing by Madison radar on runway 13, 5864 feet long. Johnson broke through the overcast at 600 feet, using a normal approach speed of 142 mph with 20 degree wing flaps, and effected a normal descent and touchdown at an approximate touchdown speed of 118–120 mph. Initial touchdown took place 1400–1500 feet from the threshold of the runway, with brakes initially applied cautiously with good reaction, fol-

lowed by immediate deceleration with no skidding or sliding. Further landing procedures were carried out, when, without warning, hydroplaning [1] was experienced which caused the tires to skid and slide and the brakes to become ineffective. Just before the end of the runway Johnson steered to the right to avoid a culvert and the aircraft came to rest on the grass beyond the end of runway 13. The aircraft was damaged but no one was injured.

The jury returned a special verdict by answering four questions. In question No. 1, it found that Hammonton represented to Johnson that Hammonton had hull insurance on the aircraft and that defendants were fully covered. In question No. 2, it found that Morco and Johnson acted in reliance upon such representation. In question No. 3, it found that at and just prior to the accident Johnson was not negligent in the operation and landing of the aircraft. In view of the answer to question No. 3, no answer to question No. 4 was required. In question No. 5, it found that plaintiff's aircraft was damaged to the extent of $60,000.

On April 4, 1968, the trial court entered its final judgment on the verdict of the jury favorable to defendants and dismissed the action on its merits with costs to be taxed against plaintiffs.

On April 12, 1968, plaintiffs filed a motion (1) *to set aside the verdict and for a new trial* on the grounds that the court erred in not submitting certain plaintiffs' requested instructions to the jury, and because the verdict was against the manifest weight of the evidence; and (2) *to set aside the judgment* on the grounds that the court erred in refusing to permit the taking of Johnson's adverse deposition on the first day of trial; and on the claim of misrepresentation and fraud by Johnson

in his testimony in making certain representations. This motion designated that it was filed pursuant to "Rules 59(a), 60(b) (1), (3) (6)" of the Federal Rules of Civil Procedure.

On April 30, 1970, in an extended memorandum opinion and order, the trial court carefully considered each of the grounds asserted in the April 12, 1968, motion and denied the relief requested in the Rule 60(b) motion and denied the motion for a new trial requested in the Rule 59 motion.

On May 29, 1970, plaintiffs filed a notice of appeal *from the final judgment entered in this action on April 4, 1968.*

On brief, plaintiffs state that this is an appeal from "a judgment entered April 4, 1968, and from an order denying plaintiffs' post verdict motions entered April 30, 1970." Since the trial court reviewed all issues raised on appeal concerning the final judgment and the denial of the post-verdict motions, we shall review such issues without further reference to the question of our jurisdiction on the sufficiency of the notice of appeal pursuant to Rule 3(c), Federal Rules of Appellate Procedure, 28 U.S.C.A.[2]

Stripped to its basic essentials, this action is nothing more than a simple state court negligence action tried in the federal courts under diversity jurisdiction. As the trier of fact, it was within the province of the jury to resolve all questions of credibility and the weight to be assigned to the evidence. It was within the discretion of the trial judge on a motion for new trial to determine whether there was substantial evidence to support the verdict of the jury and to determine the merits of claims for relief under Rule 60(b), *supra.* We have examined the record and briefs and have considered the oral arguments by

---

1. Physical evidence on the runway and the aircraft tires indicated that hydroplaning had occurred.

2. Rule 3(c) provides: "Content of the Notice of Appeal. The notice of appeal shall specify the party or parties taking the appeal; shall designate the judgment, order or part thereof appealed from; and shall name the court to which the appeal is taken. Form 1 in the Appendix of Forms is a suggested form of a notice of appeal."

both parties on appeal. We have no difficulty in affirming the conclusions reached by Judge Doyle in his memorandum opinion and order of April 30, 1970.

■ 1. We hold that the evidence submitted to the jury was more than sufficient to support its answer to question No. 3 that the pilot Johnson was not negligent just prior to and at the time of the accident in the operation and landing of the aircraft. This necessarily implies that the jury credited the testimony of defendants that the pilot used proper landing procedures and that the accident was caused by unavoidable hydroplaning of the aircraft tires on the wet surface of the runway.

■ 2. We hold that the trial court properly excluded from the evidence an offer by plaintiffs of a flight manual they claimed to be "standard" for this type of aircraft. We agree with the trial court that plaintiffs failed in every opportunity given to make the proper identification and proof and further failed to present and offer in evidence the flight manual for the particular aircraft involved.

■ 3. We hold that the trial court did not err in denying a motion for new trial in order to give plaintiffs further opportunity to offer an *existing* proper flight manual, not newly discovered after verdict. For the same reason, we hold that the trial court did not err in rejecting plaintiffs' Rule 60(b) claims of "surprise" and "misrepresentation and fraud" arising from the pilot's testimony and that of his expert Morton because of their variance from plaintiffs' theory of the so-called proper functions of the use of brakes and flaps under conditions existing at the time of the accident. Further, plaintiffs called Johnson as an adverse witness and failed to ask him to identify a flight manual or parts thereof. They were not entitled to post-trial relief to try again to identify pages of the appropriate flight manual. The trial court did not abuse its discretion in so ruling.

■ 4. We hold that the trial court did not err in refusing to order a deposition taken of defendant Johnson by plaintiffs on the day the trial of this action commenced. Plaintiffs' failure to take such deposition for almost three years before trial and their non-compliance with the trial court's pre-trial order closing discovery by February 15, 1968, indicate a lack of diligence on their part. The trial court did not abuse its discretion in refusing this belated effort of plaintiffs to make further trial preparation.

■ 5. We hold that plaintiffs' contention about there having been confusion in the minds of the jurors concerning hull insurance and liability insurance is without merit. We agree with the trial court that the answers of the jury to questions Nos. 1 and 2 were not against the weight of the evidence and that it would be unfair to provide plaintiffs with another opportunity to obtain a judgment against defendants.

■ 6. Finally, we hold that the trial court did not err in refusing to give to the jury plaintiffs' tendered instruction concerning an alleged bailment of the aircraft between Hammonton and Morco. We agree with the trial court that, under the facts of this case and Wisconsin law, the subject of this bailment should not have been mentioned to the jury.

In sum, we affirm in all respects the judgment in this action in favor of defendants and against plaintiffs and the denial of plaintiffs' motion for a new trial and post-judgment relief.

Affirmed.