## 56036. RUNYAN v. ECONOMICS LABORATORY, INC.

Birdsong, Judge.

Runyan appeals the grant of summary judgment to appellee Economics Laboratory, Inc. (EL). The suit arose out of the alleged denial of disability pay and severance pay. The facts show that EL hired Runyan as a service manager, a position which required Runyan to service machinery and handle heavy equipment and supplies. In April, 1976, Runyan injured his back and was unable to continue to work. He was placed in a disabled status by EL and commenced to draw disability pay. While he was employed by EL, Runyan displayed insubordination to his immediate supervisor as well as the regional manager of EL. In addition, Runyan was shown to have sown dissatisfaction among fellow employees. Further, he engaged in a "moonlighting" business contrary to EL policy. For all these reasons, Runyan was discharged in June, 1976. Incidentally involved was the fact that as service manager, Runyan was not qualified to perform any other duties, light or otherwise, that EL had available. Effective with his discharge, Runyan's disability payments were terminated. He was given two weeks' severance pay at his discharge but claimed that his supervisor told him (Runyan) that he would receive five weeks' severance pay. In addition, while drawing disability pay, Runyan also drew workmen's compensation and retained both incomes in spite of a requirement by the company mandating that disability payments from other sources be surrendered to EL. EL, in a counterclaim, sought damages caused by Runyan's employment by a competitor in violation of a non-competition clause in the contract of employment between Runyan and EL.

Both parties moved for summary judgment. The trial court granted summary judgment to EL but denied it to Runyan. In addition the court granted a $300.02 money judgment to EL based upon the excess of workmen's compensation paid to Runyan while he was drawing disability pay. Runyan enumerates as error the grant of summary judgment to EL, the denial of his summary

judgment and the entry of the $300.02 judgment as an award not sought by EL. *Held:*

1. In substance, it is EL's position that Runyan's entitlement to disability pay ceased upon his discharge for cause. EL further contends that Runyan was entitled to no severance pay and the fact that he received two weeks' severance pay, in effect as a gratuity, would not entitle him to receive an additional three weeks' pay. Runyan on the other hand claims that there existed an oral contract of employment which was violated by EL when it discharged him. His primary contentions are based on an alleged statement by his immediate supervisor that he (Runyan) would receive five weeks of severance pay and that a "Benefits Almanac" published by EL provided that if an employee was separated while receiving disability, those benefits would not be lost.

It is apparent that both EL and Runyan base their contentions upon a contract existing between the parties, EL looking to a written contract and Runyan to an oral contract that he asserts superseded the written contract. Whether there was a written or an oral contract, as we view it, is immaterial. The written contract clearly was terminable at will because it did not specify a period of employment. *Odom v. Bush,* 125 Ga. 184 (2) (53 SE 1013); *Brazzeal v. Commercial Cas. Ins. Co.,* 51 Ga. App. 471 (180 SE 853). Likewise Runyan offered no evidence that the oral contract was other than one for employment terminable at will. It is the undisputed law of this state that where an employee's employment is terminable at will, the employer with or without cause and regardless of its motives, may discharge the employee without liability. *Wilkinson v. Trust Co. of Ga. Assoc.,* 128 Ga. App. 473, 474 (197 SE2d 146). See *Grace v. Roan,* 145 Ga. App. 776, 778 (245 SE2d 17); *McElroy v. Wilson,* 143 Ga. App. 893 (240 SE2d 155); *Clark v. Prentice-Hall,* 141 Ga. App. 419, 420 (233 SE2d 496). Thus, we conclude that Runyan was lawfully discharged. The remaining question is whether the Benefits Almanac conferred rights which were violated by EL.

We proceed to an examination of this question in light of the following. Both parties rely on the Benefits

Almanac and do not dispute its contents. Where no matter of fact is involved, the construction of a plain and definite contract, if needed, is a matter of law for the court; a contract is not ambiguous, even though difficult to construe, unless and until an application of the pertinent rules of interpretation leaves it uncertain as to which of two or more permissible meanings represents the true intention of the parties. *Village Enterprises v. Ga. R. Bank &c. Co.,* 117 Ga. App. 773 (1) (161 SE2d 901). It follows that disposition of this case by summary judgment was the appropriate remedy. We will examine the Almanac therefore to see if it authorized the grant of summary judgment in favor of EL.

2. In discussing severance pay, the Benefits Almanac provides in pertinent part that employees who leave the company because of dismissal for cause do not receive severance pay. It further provides that the number of weeks of severance pay depends upon several factors including the circumstances of the separation. Clearly, the payment of severance pay and the amount thereof rests within the discretion of the company. Under the terms of the Almanac, Runyan could have been separated without severance pay. Runyan has not shown that the company did not exercise its discretion in a lawful manner in granting him only two weeks' severance pay. This portion of Runyan's complaint is without merit.

3. The Almanac extensively discusses Disability Pay. Inasmuch as Runyan drew disability from April through a part of June, it is not disputed that Runyan qualified under the provisions for disability of a temporary nature, i. e., a disability of six months or less. If the disability lasted for more than six months, the employee was entitled to a permanent disability. In its introductory comments on Long Term Disability, the Almanac states: "Previous paragraphs explained the short-term disability plans that assure a *disabled employee* of income for up to six months." (Emphasis supplied.) This language together with the entire tenor of the Benefits Almanac makes it clear that short-term benefits are intended to assist one who continues in an employee status. The Almanac also provides in the discussion of

long-term benefits that if an employee is ". . .separated from EL while receiving LTD benefits or are eligible for these benefits, you will not lose them. They will be paid as long as you are disabled up to age 65." Thus, the Almanac makes clear that one receiving long-term benefits is placed in a different category than an employee receiving short-term benefits. The latter requires an employment status, the former considers long-term benefits as a vested right payable up to the age of 65 regardless of employment status. As a general rule, words used in one sense in one part of a contract are deemed to have been used in the same sense in another part of the instrument. *Tudor v. Employers Ins. Co.,* 121 Ga. App. 240 (173 SE2d 403). Thus, that portion of the Almanac which provides that benefits once received will not be divested by separation from the company logically refers to long-term benefits. Runyan was not entitled to long-term benefits inasmuch as he was discharged from employment for cause in less than six months of the inception of his disability. We support the trial court in its conclusion that in the absence of an employee status, Runyan was not entitled to the continuation of his disability after his discharge. There is no construction required of a contract nor is it even permissible when the language employed by the parties in the contract is plain, unambiguous and capable of only one reasonable interpretation. *Benefield v. Malone,* 112 Ga. App. 408 (145 SE2d 732). We conclude in view of the above that the trial court did not err in granting summary judgment to EL on the issues of severance pay and additional disability pay.

4. Appellant's complaint that the money judgment in favor of EL was improper has merit. EL in its counterclaim prayed for $5,000 damages based upon a violation of a noncompetitive clause in the contract of employment between itself and Runyan. As a part of its proof in support of its motion for summary judgment, EL offered deposition evidence that Runyan had violated his obligations as an employee (and thus merited discharge for cause) by failing to surrender workmen's compensation payments to the company. At no point in its pleadings or prayers did EL seek the recovery of excess payments based upon the workmen's compensation

payments.

It is the general rule of pleading and practice in this state, as to all courts, that relief cannot be granted for matter not alleged or prayed for, and that a verdict and judgment which award relief beyond such pleadings and prayer are illegal and subject to be set aside. *Barbee v. Barbee,* 201 Ga. 763, 767 (41 SE2d 126); *Carroll v. Johnson,* 144 Ga. App. 750; *Roswell Rd.-Perimeter Hwy. Liquor Store v. Schurke,* 138 Ga. App. 502, 503 (227 SE2d 282). It follows that the trial court erred in entering judgment on the counterclaim for EL in the amount of $300.02. This judgment as to the counterclaim does not affect the validity of the summary judgment granted concerning the claim for severance pay and the additional disability pay. Thus, the judgment is affirmed provided EL writes off the $300.02 granted by the trial court as to the counterclaim, otherwise reversed.

*Judgment affirmed on condition. Bell, C. J., and Shulman, J., concur.*

ARGUED MAY 23, 1978 — DECIDED JULY 14, 1978 — REHEARING DENIED JULY 31, 1978 — 

*Wallace C. Clayton,* for appellant.
*Powell, Goldstein, Frazer & Murphy, Karen Wildau, Jerry B. Blackstock,* for appellee.