33710. GEORGIA POWER COMPANY et al. v. BUSBIN.

PER CURIAM.

Certiorari was granted to review the opinion of the Court of Appeals in *Ga. Power Co. v. Busbin,* 145 Ga. App.

438 (244 SE2d 26) (1978).

1. In Division 1 of its opinion, the Court of Appeals held that the evidence presented a jury question as to whether Busbin's employment was for a definite term or was, instead, at will. This court disagrees. The evidence was not in dispute as to the terms and conditions of Busbin's contract of employment. He was employed until his retirement date as long as his work was satisfactory. Instead, the dispute centers around the meaning in law of such a contract and, hence, is a question for the court, which question has been consistently resolved in many cases, such as *Land v. Delta Airlines,* 130 Ga. App. 231 (203 SE2d 316) (1973), by holding that in the absence of a controlling contract, "permanent employment," "employment for life," "employment until retirement" is employment for an indefinite period, terminable at the will of either party, which gives rise to no cause of action against the employer for alleged wrongful termination. See also *Ely v. Stratoflex, Inc.,* 132 Ga. App. 569, 570 (1) (208 SE2d 583) (1974).

2. In Division 1 of its opinion, the Court of Appeals correctly recognized the rule that even though a person's employment contract is at will, he has a valuable contract right which may not be unlawfully interfered with by a third person. *Ott v. Gandy,* 66 Ga. App. 684 (1) (19 SE2d 180) (1942). Insofar as Division 1 of the opinion recognizes that a jury issue existed as to whether or not the defendant Moore had the right to discharge Busbin, and, accordingly, insofar as the Court of Appeals held that it was for the jury to determine whether or not Moore was such a "third person" as may be liable to Busbin for unlawful interference with Busbin's employment contract, this court agrees and affirms. The evidence was in conflict on the question of whether Moore had authority to discharge Busbin without the concurrence of his superiors with whom he conferred or whether, instead, Moore could have discharged Busbin, had he chosen to do so, without consulting with his superiors. The relevance of this question lies in the fact that if Moore had the absolute right to discharge Busbin without consulting his superiors, he could not be liable to Busbin for wrongful discharge, regardless of his motives (*McElroy v. Wilson,*

143 Ga. App. 893, 895 (240 SE2d 155) (1977)); whereas, on the other hand, if Moore lacked such authority, he could be determined to be a "third person" tortfeasor who could be liable to Busbin in an action for wrongfully procuring Busbin's discharge. *Schaeffer v. King,* 223 Ga. 468 (155 SE2d 815) (1967). The Court of Appeals correctly affirmed the trial court on this point.

3. In Division 2 of its opinion, the Court of Appeals correctly recognized the rule that corporations act by and through their agents. It is the misapplication of this rule to the facts of this case which must be corrected, for the Court of Appeals held in Division 3 that " . . . it was a jury issue as to whether Georgia Power Company became liable for the wrongful conduct of Moore and others . . ." Regardless of whether Moore did or did not himself, and by himself, have authority to discharge Busbin, the evidence establishes beyond contradiction that one or more of Moore's superiors who participated in or ratified Moore's actions did have authority in behalf of Georgia Power Company to discharge Busbin. Accordingly, since Busbin's employment was terminable at will, and Busbin was discharged or his discharge was ratified by one or more of his supervisors who did have authority to discharge him, Busbin's allegations and evidence as to improper motives for his discharge are legally irrelevant and presented no issues for resolution by the jury regarding the right of Georgia Power Company to discharge him. *McElroy v. Wilson,* 143 Ga. App. 893, 895, supra. The allegations of, and attempts to prove, conspiracy between the various Georgia Power Company supervisory employees add nothing to the claim for wrongful discharge because neither the supervisory employees of Georgia Power Company who had authority to discharge Busbin, nor they and Georgia Power Company, can conspire to do that which they legally were entitled to do. *Hill v. Delta Airlines,* 143 Ga. App. 103, 104 (3) (237 SE2d 597) (1977); *McElroy v. Wilson,* supra. Under the facts of this case, any attempt to impute to Georgia Power Company any conduct of Moore in procuring the discharge of Busbin that the jury might have deemed to be without authority and wrongful would be an improper application of the rule that corporations

are liable for the acts of their agents because Moore could not lawfully be held to be liable to Busbin unless, as aforesaid, he was a "third party" who induced the employer to discharge the employee, rather than an agent acting for the corporation. *Schaeffer v. King,* 223 Ga. 468 (155 SE2d 815) (1967). Anything to the contrary expressed in the case of *Wiley v. Ga. Power Co.,* 134 Ga. App. 187 (213 SE2d 550) (1975), is disapproved and will not be followed. Accordingly, the Court of Appeals erred in Division 3 of its opinion in holding that a jury issue existed as to whether or not Georgia Power Company was liable to Busbin for the actions of its supervisory agents. Moore, of course, cannot have conspired with himself to injure Busbin since two or more persons are required to form a conspiracy. Hence, the case against Moore erroneously was submitted to the jury on the theory of conspiracy.

4. In Division 3 of its opinion, the Court of Appeals erroneously concludes that there was evidence that Busbin "was slandered . . . by officials telling others the reasons for his firing." There is no evidence whatsoever that Georgia Power Company expressly authorized or directed anyone to speak the words in question. Even if this court were to assume, arguendo, that the words spoken were slanderous and that their being spoken to fellow employees of Georgia Power Company was a publication of slander, there can be no recovery against Georgia Power Company in the absence of such an express direction or authorization. *Behre v. Nat. Cash Register Co.,* 100 Ga. 213 (27 SE 986) (1896); *Garren v. Southland Corp.,* 237 Ga. 484 (228 SE2d 870) (1976). The Court of Appeals erred insofar as its ruling in this regard was applied to Georgia Power Company.

5. In Division 4 of its opinion, the Court of Appeals erred in approving the charge of the trial court because the cases relied upon by the Court of Appeals apply only to certain types of contracts for a fixed term or period of time and do not apply to employments at will. The motives of the employer in discharging his employee at will are legally immaterial. *Hill v. Delta Airlines,* supra; *McElroy v. Wilson,* supra.

6. Divisions 5, 6, 7, and 8 of the opinion of the Court

of Appeals are in error for the reasons stated in Divisions 1, 2, 3, and 4 of the present opinion.

7. The Court of Appeals erred in Division 9 of its opinion in affirming the trial court's ruling permitting Busbin to testify that he had applied for unemployment compensation, that Moore had opposed his application for unemployment compensation, and that his application for unemployment compensation was approved. Code Ann. § 54-642.1 provides: "*All* letters, reports, *communications* or any other matters, either oral or written, *from the employer* or employee to each other or *to the Employment Security Agency* or any of its agents, representatives or employees which shall have been written, sent, delivered, or made *in connection with the requirements of the administration of this Chapter, shall be absolutely privileged* and shall not be made the subject matter or basis for any suit for slander or libel in any court of the State of Georgia." (Emphasis supplied.) The statute provides that *all* such communications are absolutely privileged. Moore's opposition to Busbin's application was a "communication" within the meaning of the statute. To rule otherwise would be to subvert the intention of the General Assembly in establishing the absolute privilege because employers would hesitate to oppose applications for unemployment compensation were it to be possible for the fact of their opposition to be presented to juries in defamation actions.

8. It is apparent that Busbin's case against Georgia Power Company and Moore was submitted to the jury on the theories of (1) wrongful discharge from employment or wrongful interference with the employment contract, (2) conspiracy to procure Busbin's discharge, (3) slander, and (4) libel. Even though the case correctly was submitted to the jury against Moore on at least one of these theories, this court has concluded that Busbin's case against Georgia Power Company erroneously was submitted to the jury on at least the first three of the four theories listed above and Busbin's case against Moore erroneously was submitted to the jury on at least the second theory. Since the jury found a general verdict for the plaintiff against both defendants, the verdict cannot stand for the reason that this court cannot determine whether the verdict was

entered upon a proper basis. *Southern R. Co. v. Hardin,* 107 Ga. 379 (33 SE 436) (1899); *Flint Explosive Co. v. Edwards,* 86 Ga. App. 404 (71 SE2d 747) (1952); *Taylor v. Austin,* 92 Ga. App. 104 (88 SE2d 190) (1955). The conclusions reached by the Court of Appeals in the footnote to Division 10 of its opinion are at variance with the rule as to general verdicts set forth in the *Southern R. Co.,* case, supra, and its progeny. Accordingly, the judgment of the Court of Appeals must be reversed.

*Judgment reversed. All the Justices concur, except Jordan and Hall, JJ., who concur in the judgment only, and Undercofler, P. J., who dissents. Bowles, J., disqualified.*

ARGUED JULY 11, 1978 — DECIDED NOVEMBER 7, 1978 — REHEARINGS DENIED NOVEMBER 21 AND NOVEMBER 30, 1978.

*Troutman, Sanders, Lockerman & Ashmore, Robert L. Pennington, Frederick E. Link, Tillman, Brice, McTier, Coleman & Talley, Wade H. Coleman,* for appellants.

*Jack J. Helms, Berrien L. Sutton, Brooks E. Blitch, III,* for appellee.

*Gambrell, Russell & Forbes, E. Smythe Gambrell, W. Glen Harlan, David M. Brown, Frederick G. Boynton, Alston, Miller & Gaines, G. Conley Ingram, Franklin R. Nix, King & Spalding, Charles L. Gowen, Nolan C. Leake, Andrew W. Estes, G. Gerald Kunes,* amicus curiae.