**Rocky TAYLOR, Plaintiff-Appellant,**

v.

**FOREMOST–McKESSON, INC., William W. Morison, R. R. Herrmann, Jr., and J. A. Gillis, Defendants-Appellees.**

No. 80–7873.

United States Court of Appeals, Fifth Circuit. Unit B

Sept. 21, 1981.

---

**6.** *New York Times Co. v. Sullivan,* 376 U.S. 254, 270, 84 S.Ct. 710, 721, 11 L.Ed.2d 686 (1964).

Nickolas P. Chilivis, Powell, Goldstein, Frazer & Murphy, Randolph A. Rogers, Kenneth G. Menendez, Atlanta, Ga., for plaintiff-appellant.

W. Lyman Dillon, Hansell, Post, Brandon & Dorsey, Philip S. Coe, Atlanta, Ga., for defendants-appellees.

Before GEWIN *, RONEY and HATCH-ETT, Circuit Judges.

PER CURIAM:

Under Georgia law, applicable to this diversity case, a person employed on an "at will" basis does not have a cause of action for wrongful discharge. The chief issue on appeal is whether Georgia recognizes an exception to this general rule where plaintiff alleges he was terminated in an attempt by corporate officers to cover

---

* The case is being decided by a quorum due to the death of Judge Gewin on May 15, 1981. 28 U.S.C. 46(d).

up illegal activities. Finding Georgia does not, we affirm the grant of defendant corporation's motion for summary judgment.

Plaintiff also challenges on appeal (1) the dismissal of the individual defendants for lack of personal jurisdiction; (2) the dismissal of the claim for defamation; and (3) the refusal by the district court to extend the time for discovery. For the reasons stated below, we affirm the rulings of the district court.

A longtime employee of the defendant corporation, plaintiff alleges he began an investigation into certain accounting irregularities and possibly illegal activities he had become aware of involving one of the company's wholesale houses in Florida. He contends he was terminated by defendants Gillis and Herrmann in an attempt to cover up the illegal activities.

Georgia law governs this dispute. *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); *Day Companies v. Patat*, 403 F.2d 792 (5th Cir. 1968), cert. denied, 393 U.S. 1117, 89 S.Ct. 993, 22 L.Ed.2d 122 (1969). The general rule in Georgia is that "where an employee's employment is terminable at will, the employer with or without cause and regardless of its motives, may discharge the employee without liability." *Runyan v. Economics Laboratory, Inc.*, 147 Ga.App. 53, 248 S.E.2d 44, 46 (1978). *See also Georgia Power Co. v. Busbin*, 242 Ga. 612, 250 S.E.2d 442 (1978); *American Standard, Inc. v. Jessee*, 150 Ga.App. 663, 258 S.E.2d 240 (1979); *Ely v. Stratoflex, Inc.*, 132 Ga.App. 569, 208 S.E.2d 583 (1974); *Land v. Delta Air Lines, Inc.*, 130 Ga.App. 231, 203 S.E.2d 316 (1973).

Plaintiff, who concedes he had no written employment contract, testified during deposition on his understanding of the nature of the oral employment agreement:

Q. [W]hat you took those conversations [with company executives] to mean was that you would be employed by Foremost-McKesson until your retirement, your retirement being at age 65 or such earlier time as you elected, so long as your work was satisfactory; is that correct.

A. That's correct.

Taylor Dep. p. 46. The Supreme Court of Georgia recently considered a strikingly similar employment relationship, and held that a person "employed until his retirement date as long as his work was satisfactory" was employed at will, and therefore had no cause of action for wrongful discharge. *Georgia Power Co. v. Busbin*, 250 S.E.2d at 443–44.

Plaintiff, however, argues Georgia would recognize a "public policy" exception to this general rule, and permit an action for wrongful discharge where the basis for the termination was an attempt to cover up criminal activities. Because we sit in diversity, our inquiry is not what Georgia law ought to be, but rather what Georgia law is. *Parson v. United States*, 460 F.2d 228, 234 (5th Cir. 1972); *Hawkeye-Security Insurance Co. v. Davis*, 277 F.2d 765, 769 (8th Cir. 1960).

The Georgia courts to date have declined to adopt a public policy exception. *Goodroe v. Georgia Power Co.*, 148 Ga.App. 193, 251 S.E.2d 51 (1978), is directly on point. Plaintiff, alleging wrongful and malicious discharge, claimed he was fired because "he was about to uncover criminal activities being committed by the construction superintendent" at one of defendant's plants. *Id.* at 51. In affirming summary judgment for defendant, the Georgia appeals court held:

Plaintiff admits the statutory rule that an indefinite hiring may be terminated at will by either party.... Nevertheless, *plaintiff urges this court to find an exception to this rule since the reason for his termination was that he was about to uncover criminal activities. There is no room for this exception in Georgia* as this rule is statutory and the statute, Code § 66–101, does not encompass the exception.

*Id.* at 51–52 (emphasis supplied). Similarly, in *Busbin*, the Georgia Supreme Court held that plaintiff's "allegations and evidence as to improper motives for his discharge are legally irrelevant and presented no issues

for resolution by the jury" regarding the right of defendant corporation to discharge him. 250 S.E.2d at 444.

Another panel of this Court recently reached the same conclusion. *Phillips v. Goodyear Tire & Rubber Co.*, 651 F.2d 1051 (5th Cir. 1981). Stating it was "unable to perceive the slightest indication" by the Georgia courts of a shift towards recognition of the exception, the *Phillips* panel held an at will employee who alleged he was discharged in retaliation for giving testimony adverse to his employer had no cause of action under Georgia law. *Id.* at 1055.

■ The district court properly dismissed plaintiff's claim for wrongful discharge. The claim for conspiracy was also correctly dismissed, because the defendant corporation and its supervisory employees cannot "conspire to do that which they legally were entitled to do." *Busbin, supra,* 250 S.E.2d at 444. *See also Hill v. Delta Air Lines, Inc.,* 143 Ga.App. 103, 237 S.E.2d 597 (1977); *McElroy v. Wilson,* 143 Ga.App. 893, 240 S.E.2d 155 (1977).

Plaintiff challenges the dismissal of the individual defendants, who are nonresidents of Georgia, for lack of personal jurisdiction. Plaintiff contends jurisdiction was available under Georgia's "long arm" statute, which provides that personal jurisdiction may be exercised over nonresidents who commit a negligent act outside the state which results in injury within the state. *Coe & Payne Co. v. Wood-Mosaic Corp.,* 230 Ga. 58, 195 S.E.2d 399 (1973). The district court held plaintiff had alleged insufficient facts to establish a jurisdictional basis under the long arm statute, in view of defendants' uncontradicted affidavits and the absence of any "contacts" of defendants with Georgia.

■ We need not decide whether plaintiff sufficiently established defendants' contacts with Georgia, although defendants' affidavits denying contacts were uncontradicted. Even if there were jurisdiction, plaintiff has failed to assert any cognizable claims. Plaintiff's claims of wrongful discharge and conspiracy to procure a wrongful discharge are precluded under Georgia

law. The claim of tortious interference depends on whether Morison, Herrmann and Gillis had absolute authority to terminate plaintiff. In Georgia, supervisors may be liable for interference only if they lacked such authority. *Busbin, supra,* 250 S.E.2d at 444; *Schaeffer v. King,* 223 Ga. 468, 155 S.E.2d 815 (1967).

■ Affidavits submitted by defendants Morison, Gillis, and Herrmann state they had absolute authority to discharge plaintiff. Plaintiff does not deny they had such authority in general, but alleges only that a factual issue exists over whether defendants had authority to discharge him "in order to cover up improper and illegal activities." This allegation, for which no supporting facts have been offered, is insufficient to negate absolute authority, in light of the Georgia rule that a person employed at will may be discharged for any reason. Because no factual dispute is raised concerning either the jurisdictional basis over defendants or any claims against them, the court did not err in granting the motion to dismiss.

■ Plaintiff next challenges the district court's dismissal without specific mention of a claim for defamation, which plaintiff alleges was asserted in paragraphs 25 and 26 of the original complaint. These paragraphs provide:

#### 25.

Prior to the formation of said conspiracy, your plaintiff was held in high esteem by the personnel of the corporate defendant and by the persons connected with the wine and liquor industries and enjoyed an excellent reputation. One of the results of the conspiracy of the defendants was to cast a suspicion on your plaintiff and on his entire career, because, of all the employees of the corporate defendant in the Wine and Spirits Division, your plaintiff is the only one who was forced into a premature involuntary and illegal termination of his contract of employment without cause.

26.

Your plaintiff alleges that this result was intended by the defendants and was done maliciously, wilfully, wantonly and oppressively by the defendants.

While pleadings are to be liberally construed, *see Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), the above allegations fall short of suggesting a claim for defamation. They only allege the intent of defendants and the damages suffered. Plaintiff did not attempt to particularize this claim until the filing of a motion to amend the complaint to *add* a claim for slander. This motion, which was filed more than two years after the filing of the original complaint and after the court's dismissal of the suit, was denied. In light of the unexcused delay in filing, we cannot hold that the district court abused its discretion in denying the motion to amend or to initially dismiss the purported claim. *See, e. g., Gregory v. Mitchell*, 634 F.2d 199 (5th Cir. 1981); *Pharo v. Smith*, 621 F.2d 656 (5th Cir. 1980).

Plaintiff also challenges the court's refusal to extend the time for discovery. While conceding the discovery period provided by the district court rules had expired, plaintiff argues he has shown excusable neglect.

The district court has wide discretion in determining whether to grant an extension of time for discovery. *See, e. g., Kyle Engineering Co. v. Kleppe*, 600 F.2d 226 (9th Cir. 1979); *Hammonton Investment & Mortgage Co. v. Morco, Ltd.*, 452 F.2d 119 (7th Cir. 1971). Upon this record, it cannot be said the court abused its discretion in declining additional time.

No reversible error having been shown, the judgment of the district court is affirmed.

AFFIRMED.