Peter D. **STEWART**, Plaintiff,

v.

**ETHICON, INC.**, Defendant.

Civ. A. No. C81–2212A

United States District Court,
N.D. Georgia,
Atlanta Division.

March 10, 1983.

C. Lawrence Jewett, Atlanta, Ga., for plaintiff.

Edward Katze, William K. Principe, Constangy, Brooks & Smith, Atlanta, Ga., John T. Herbert, Johnson & Johnson, of counsel, New Brunswick, N.J., for defendant.

### ORDER

FORRESTER, District Judge.

At a status conference before this court, the plaintiff in this action conceded that no written contract of employment setting forth a period of employment existed between the parties. Pursuant to that conference and the representations of the parties, the court considers the defendant's motion for summary judgment renewed. The parties were given an opportunity to file additional authorities and have not done so. Therefore, the court will consider the briefs which the parties filed in conjunction with defendant's motion of April 9, 1982 as well as the arguments of the parties at the conference.

This action was filed as one for wrongful discharge, with jurisdiction based on diversity under 28 U.S.C. § 1332. The undisputed facts show that plaintiff was employed by defendant and that no written contract of employment setting forth a period of employment existed between the parties. The plaintiff was covered during this employment by a Long Term Disability Plan, a copy of which has been filed with the court. Under the terms of this plan, "[t]he coverage of any employee shall automatically cease on the date of termination of his employment." Plaintiff was discharged by the defendant.

Defendant argues that summary judgment should be granted it in that plaintiff's employment was at will, plaintiff's entitlement to long term disability benefits ceased upon his termination, and therefore plaintiff can bring no action for wrongful discharge or for disability benefits. Plaintiff asserts that he was dismissed because of his progressive disability, that defendant, knowing of this progressive disability, wrongfully terminated his employment, and that defendant's refusal to honor plaintiff's claim for long term disability benefits breaches its contract with plaintiff to pay such benefits.

Georgia law governs this diversity case. *Erie Railroad Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); *Taylor v. Foremost-McKesson, Inc.,* 656 F.2d 1029, 1031 (5th Cir.1981). Under Georgia law "where an employee's employment is terminable at will, the employer with or without cause and regardless of its motives, may discharge the employee without liability." *Runyan vs. Economics Laboratory, Inc.,* 147 Ga.App. 53, 54, 248 S.E.2d 44 (1978); *Taylor* at 1031 (applying Georgia law).

 Plaintiff here has conceded that he had no written employment contract setting forth a period of employment. It appears, therefore, that he has no cause of action for wrongful discharge under Georgia law. He argues that his discharge was because of his progressive disability, but the Georgia rule clearly states that the employer may discharge the employee without liability "regardless of its motives." *Runyan* at 54; *Georgia Power Co. v. Busbin,* 242 Ga. 612, 615, 250 S.E.2d 442 (1978).

 Likewise, plaintiff cannot base a cause of action on breach of the Long Term Disability Plan, since by its terms coverage ceased on the date of termination of plaintiff's employment.

Accordingly, there being no genuine issue as to any material fact and the moving party being entitled to judgment as a matter of law, summary judgment is hereby ORDERED ENTERED for the defendant pursuant to Fed.R.Civ.P. 56(c), with costs allowed to the prevailing party.