A90A0013, A90A0014. RYBOS v. ST. MARY'S HOSPITAL et al.
(two cases).
(393 SE2d 739)

Sognier, Judge.

Karen Nancy Rybos brought suit against St. Mary's Hospital for recovery of accrued employee benefits she alleged were due but denied to her after she was wrongfully discharged. She also asserted claims against William Chrisohon and Wayne Kent for wrongful procurement of her discharge. Rybos appeals in Case No. A90A0013 from the trial court's order granting summary judgment to the defendants and in Case No. A90A0014 from the judgment entered thereon.

Appellant was hired in June 1985 as director of the outpatient surgical center at appellee St. Mary's Hospital (hereinafter the "Hospital"). The parties agree that she was an at will employee and was subject to the Hospital's personnel policies as set forth in the employee handbook. While employed by the Hospital, appellant participated in noncontributory retirement, income protection, and group health and life insurance plans and was entitled to certain sick and vacation leave benefits. Appellant was discharged by the Hospital on October 7, 1987 for violation of a personnel rule proscribing discussion of confidential information about an employee with unauthorized persons. Appellee Kent, the Hospital personnel director, informed appellee Chrisohon, the senior assistant administrator and appellant's immediate supervisor, of the unauthorized disclosure. Chrisohon then terminated appellant's employment pursuant to personnel policy 4.4.3 (13), which permits dismissal without notice for violation of the nondisclosure rule. Relying on personnel policy 4.4.3, which provides that "[e]mployees who are dismissed without notice forfeit all accrued benefits," and policy 6.1.5, which states that "[e]mployees terminated involuntarily . . . forfeit any and all vacation benefits earned," the Hospital refused to compensate appellant for her accrued vacation and sick leave benefits.

1. In Case No. A90A0014, appellant contends summary judgment was erroneously granted to appellees Kent and Chrisohon on the wrongful procurement of discharge claim because a material fact question remains regarding whether appellee Chrisohon had authority to discharge her without consulting his superior. See *Ga. Power Co. v. Busbin*, 242 Ga. 612, 613-614 (2) (250 SE2d 442) (1978).

E. J. Fechtel, Jr., the Hospital's administrator, testified by affidavit that appellee Chrisohon was appellant's immediate superior, and that Chrisohon's written job description as senior assistant administrator included the duty to " '[r]ecruit, select, manage, terminate, or discipline department heads and other personnel assigned to him.' " Although appellant testified by deposition that because on prior occasions appellee Chrisohon had obtained Fechtel's approval before ter-

minating an employee, she assumed only Fechtel had the authority to fire her, " '[i]n passing upon a motion for summary judgment, a finding of fact which may be inferred . . . but is not demanded by circumstantial evidence, has no probative value against positive and unrebutted evidence that no such facts as sought to be inferred do exist. (Cit.)' [Cit.]" *Southern Intermodal v. Smith &c. Co.*, 190 Ga. App. 584, 587 (379 SE2d 612) (1989). Since the positive and direct evidence shows appellee Chrisohon had the absolute right to discharge appellant without consulting his superior, he and appellee Kent could not be liable to appellant for wrongful procurement of discharge, regardless of their motives, *Busbin*, supra, and accordingly the trial court properly granted summary judgment to them on the wrongful procurement of discharge claim.

2. Appellant contends the personnel policies providing for forfeiture of accrued benefits constitute an unenforceable penalty as set forth in *Southeastern Land Fund v. Real Estate World*, 237 Ga. 227 (227 SE2d 340) (1976), and as a result the trial court erred by granting summary judgment to the Hospital on appellant's claim for recovery of accrued vacation and sick leave benefits. We do not agree. First, we note that this court has upheld benefits forfeiture provisions under virtually identical circumstances. *Shannon v. Huntley's Jiffy Stores*, 174 Ga. App. 125-127 (2) (329 SE2d 208) (1985); see *Runyan v. Economics Lab.*, 147 Ga. App. 53 (1-3) (248 SE2d 44) (1978). Second, we find the liquidated damages analysis of *Southeastern Land* inapplicable here because the clauses at issue do not purport to establish a stipulated sum to be paid by an employee as liquidated damages for breach of the employment contract; instead, the policies simply provide that employees who are terminated are not entitled to certain benefits. See *Royal Crown Co. v. McMahon*, 183 Ga. App. 543, 545-546 (2) (359 SE2d 379) (1987). We find these provisions enforceable and accordingly affirm the trial court's judgment.

3. The appeal in Case No. A90A0013 from the order granting summary judgment to appellees is dismissed as moot.

*Judgment affirmed in Case No. A90A0014. Appeal dismissed in Case No. A90A0013. Carley, C. J., and McMurray, P. J., concur.*

DECIDED MAY 1, 1990.

*Winburn, Lewis & Barrow, Gene Mac Winburn, John J. Barrow,* for appellant.

*Blasingame, Burch, Garrard & Bryant, J. Ralph Beaird, Richard L. Brittain, Michael J. Bowers, Attorney General,* for appellees.