**Jack W. BORNINSKI, Plaintiff,**

v.

**TEXAS INSTRUMENTS, INC., Defendant.**

**No. Civ.A. 3–97–CV–1531–L.**

United States District Court, N.D. Texas, Dallas Division.

Dec. 31, 1998.

Jack W. Borninski, Wilmer, TX, pro se.

Katie Jean Colopy, Michael E. Norton, Jones Day Reavis & Pogue, Dallas, TX, for Defendant.

## ORDER

LINDSAY, District Judge.

The court has before it Plaintiff's Appeal to the District Judge from the Magistrate Judge's Ruling on Plaintiff's Motion for Extension of the Scheduling Order, filed December 1, 1998. Although Plaintiff characterizes his filing as an appeal, the court will consider the filing to be Plaintiff's objections to Magistrate Judge Boyle's ruling. Upon consideration of Plaintiff's objections, Defendant's response, and the applicable standard of review, Plaintiff's objections are overruled.

This case is an employment dispute wherein Plaintiff urges claims under the Americans with Disabilities Act ("ADA"), Employment Retirement Income Security Act ("ERISA"), for interference with a contract, and for breach of an implied employment contract. In an order dated November 16, 1998, United States Magistrate Judge Jane J. Boyle denied Plaintiff's Motion for Extension of the Scheduling Order.

After the discovery period established in the court's scheduling order expired, Plaintiff filed a motion requesting that the court extend the discovery period. Plaintiff states that he was not able to complete his discovery because he has limited time and financial resources available, he undergoes frequent medical evaluations and treatments, works

long hours, and has been involved in a child custody suit. Plaintiff further states that he has been delayed due to the court's alleged failure to rule on his "appeal" of one of the magistrate judge's prior orders; however, the court has examined the docket in this case as well as the clerk's file, and has discovered that no such "appeal" is on file.

A district court reviewing a magistrate judge's pretrial discovery ruling shall determine whether the magistrate's ruling was clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P. 72(a); *Castillo v. Frank,* 70 F.3d 382, 385 (5th Cir. 1995). Furthermore, the trial court has "wide discretion" in determining whether or not to extend the discovery period. *Taylor v. Foremost–McKesson, Inc.,* 656 F.2d 1029, 1033 (5th Cir.1981). Also, at least one district court in this circuit has affirmed a magistrate judge's decision to deny a party's motion for extension of the discovery period. In an unpublished opinion, United States District Judge Edith Brown Clement held that where a party had procrastinated up until the end of the discovery period and then discovered that it was unable to complete its discovery prior to the deadline, the magistrate judge's refusal to reopen the discovery period was not clearly erroneous or contrary to law. *Covia Partnership v. River Parish Travel Center, Inc.,* 1993 WL 149687 (E.D.La.1993).

Under the court's scheduling order entered January 9, 1998, all discovery in this matter was to be completed by October 4, 1998. Thus, Plaintiff had nearly nine months to conduct discovery. Plaintiff states that he served interrogatories and requests for production on Defendant in October and early November 1998. These discovery requests are untimely because the October 4, 1998 deadline set out in the scheduling order was for the completion, not the initiation, of discovery.

Plaintiff also attaches to his appeal a copy of an e-mail message sent to counsel for Defendant in February 1998, wherein Plaintiff lists a number of witnesses he would like to depose. The record reflects that in February 1998 Plaintiff was proposing an unorthodox and unreliable deposition procedure

for the taking of these depositions, and also had proposed that the parties serve notice of depositions via e-mail. Defendant objected to these procedures, and on March 30, 1998, Magistrate Judge Boyle entered an order stating that depositions must only be taken by certified court reporters. In the same order, Magistrate Judge Boyle denied Plaintiff's request to serve deposition notices via e-mail.

With these clear parameters established at least as of March 30, 1998, Plaintiff undertook no discovery within the discovery period ordered by the court other than to informally interview several of Defendant's current and former employees. Plaintiff's dilatory conduct does not justify any modification of the magistrate judge's order. Moreover, Plaintiff has not stated to the court's satisfaction why he did not make reasonable efforts to obtain the discovery he now seeks after the discovery deadline has expired, or why he did not seek an extension of discovery before it expired. For the reasons stated herein, the court finds that the magistrate judge's order is not clearly erroneous or contrary to law. It is therefore

**ORDERED** that Plaintiff's objections to Magistrate Judge Boyle's November 16, 1998 order are hereby **OVERRULED,** and the Magistrate Judge's order of November 16, 1998 is affirmed in all respects.