ANDREWS, Presiding Judge,
dissenting.
I respectfully dissent from the majority opinion’s conclusion that there was evidence supporting a claim against Dr. Doherty based on ordinary negligence. The trial court erred by denying Dr. Doherty’s motion for a directed verdict on the ordinary negligence claim and by instructing the jury (over Dr. Doherty’s objection) that it could find Dr. Doherty liable on the basis of ordinary negligence. These errors entitle Dr. Doherty, Southeastern Pain Ambulatory Surgery Center, LLC, and Southeastern Pain Specialists, PC., to reversal of the judgment entered on the jury verdict and require a new trial. To the extent that issues were raised that are relevant to a new trial, I otherwise concur in the majority opinion’s analysis and conclusions on other enumerations of error asserted in Case Nos. A16A0763, A16A0764, A16A0765, andA16A0766.
It is undisputed that the evidence at trial presented a claim that Dr. Doherty committed professional negligence which ultimately caused Mrs. Brown’s death. Whether the evidence was sufficient to also present a claim against Dr. Doherty for ordinary negligence is a question of law. Dent v. Mem. Hosp. of Adel, 270 Ga. 316, 318 (509 SE2d 908) (1998). Allegations of negligence against a professional that “involve the exercise of professional skill and judgment within the professional’s area of expertise” set forth a claim for professional negligence. Walls v. Sumter Regional Hosp., 292 Ga. App. 865, 869 (666 SE2d 66) (2008) (citation and punctuation omitted). But “jcjlaims [against a professional] of allegedly negligent administrative acts which do not require professional knowledge or skill assert ordinary negligence.” Wong v. Chappell, 333 Ga. App. 422, 425 (773 SE2d 496) (2015) (citation and punctuation omitted).
There was evidence that, as a result of professional negligence by Dr. Doherty while performing an epidural steroid injection (ESI) procedure, Mrs. Brown suffered oxygen deprivation during the procedure that caused a serious brain injury. The majority opinion finds support for an ordinary negligence claim based on evidence: (1) that Dr. Doherty continued the ESI on Mrs. Brown despite readings on medical instruments (two pulse oximeters and a blood pressure monitor) showing that Mrs. Brown was oxygen-deprived; and (2) that, when Mrs. Brown was taken to a hospital after the ESI procedure, Dr. Doherty failed to fully and accurately inform the hospital that Mrs. *592 Brown had suffered oxygen deprivation during the procedure. None of this evidence supports a claim for ordinary negligence. The evidence showed that, during the procedure, Dr. Doherty reacted to instrument readings showing lack of oxygen by physically assessing Mrs. Brown’s breathing and oxygen level, directing increases in oxygen flow to Mrs. Brown, and directing staff on how to hold Mrs. Brown to maintain an open airway while he finished the ESI procedure. Immediately after the ESI procedure, evidence showed that Dr. Doherty ventilated Mrs. Brown to raise her oxygen levels to the 90s. There was also evidence that, after the ESI procedure, Mrs. Brown did not respond normally in the recovery area and was eventually taken by ambulance to a hospital. Evidence showed that, in the recovery area, Dr. Doherty reassured a family member that the lack of normal response was caused by the anesthesia he administered to Mrs. Brown for the procedure. Other evidence showed that Dr. Doherty told responding emergency medical technicians that the ESI procedure went fine and that Mrs. Brown was having trouble coming out of the anesthesia, and told a physician on call at the hospital that, because of the anesthesia, Mrs. Brown was “unusually slow to awaken following the procedure.” There was no evidence of administrative acts by Dr. Doherty supporting a claim for ordinary negligence. Rather, the evidence at trial supported a claim that Dr. Doherty negligently exercised medical skill and judgment in performing the ESI and assessing, responding to, and reporting Mrs. Brown’s condition during and after the procedure.
Because there was no evidence to support a theory of recovery against Dr. Doherty based on ordinary negligence, the trial court erred as a matter of law by instructing the jury that it could find Dr. Doherty liable on the basis of ordinary negligence. “[T]he erroneous instruction did not merely draw the jurors away from the true issues in dispute, but actually authorized them to return a verdict in favor of the plaintiffs based on a legally invalid theory of recovery.” Ford Motor Co. v. Reese, 300 Ga. App. 82, 87 (684 SE2d 279) (2009) (citation and punctuation omitted). Based on the plaintiffs’ negligence claims, the jury rendered a general verdict against Dr. Doherty, and against Southeastern Pain Ambulatory Surgery Center, LLC, and Southeastern Pain Specialists, PC., based on vicarious liability for Dr. Doherty’s negligence. We will not presume that the jury’s general verdict was rendered on the legally valid theory of recovery for professional negligence. Id. “Since the jury found a general verdict for the plaintiff[s] against [the] defendants, the verdict cannot stand for the reason that this court cannot determine whether the verdict was entered upon a proper basis.” Ga. Power Co. v. Busbin, 242 Ga. 612, 616-617 (250 SE2d 442) (1978); Ford Motor Co., 300 Ga. App. at 87. *593 It follows that Dr. Doherty, Southeastern Pain Ambulatory Surgery Center, LLC, and Southeastern Pain Specialists, PC., are entitled to a new trial. Id. at 87-88.
Decided November 18, 2016
Hall Booth Smith, John E. Hall, Jr., Nichole L. Hair, Nathan A. Gaffney, for Doherty.
Slappey & Sadd, James N. Sadd, Edward M. Wynn, Daniel M. Epstein, for Brown et al.
Downey & Cleveland, W. Curtis Anderson, for Southeastern Pain Specialists, PC.
Carlock, Copeland & Stair, David F. Root, Neil T. Edwards, Wayne D. McGrew III; Bondurant, Mixson & Elmore, Frank M. Lowrey IV, Robert L. Ashe III, for Southeastern Pain Ambulatory Surgery Center, LLC, and Hardwick.
I am authorized to state that Judge Branch and Judge McMillian join in this dissent.