36288. CONSORTIUM MANAGEMENT COMPANY et al. v. MUTUAL AMERICA CORPORATION et al.

CLARKE, Justice.

Irondale Motel Associates is a limited partnership organized in DeKalb County, Georgia, in 1977. Under the original partnership agreement, Consortium Management Company was named as the general partner. However, on the day of its execution, the agreement was amended to add Guy D. Cleveland as a second general partner. Guy D. Cleveland is also a limited partner. Under the terms of the partnership agreement, a general partner may be removed by a vote of 75% of the partnership interest.

In 1979, Mutual America Corporation, the holder of 80% of the partnership interest, notified all of the partners that it was exercising its privilege of removing the general partners and replacing them with itself and Gary W. Carr. When the remaining partners refused or failed to execute the amendment to the certificate of limited partnership which showed the change in the general partners, the present action was brought in the Superior Court of DeKalb County,

Georgia. Mutual America Corporation and Irondale Motel Associates are the plaintiffs here, and all of the former general partners and limited partners are named as defendants. In their action, the plaintiffs prayed for the court to direct the clerk of the court to record an amendment to the partnership agreement reflecting the general partner change and for an injunction restraining and enjoining the former limited partners from refusing to turn over Irondale's records to the new general partners and from interfering with the operation of the business of Irondale. The record indicates that considerable effort was made to secure personal service of former general partner Guy D. Cleveland, who is a resident of Alabama. However, such service was never perfected. A rule nisi was entered and a hearing was conducted in accordance with it. At the conclusion of the hearing, the court entered orders directing the clerk to record the amendments to the certificate of limited partnership and restraining Consortium and its officers, agents and employees from refusing to turn over Irondale's records to the new general partners.

1. Defendants contend the trial court erred in ordering the clerk to record the amendment to the partnership certificate. They argue that this amendment removed Guy D. Cleveland as a general partner and, therefore, personal service upon him was necessary before the trial court could act. We conclude that personal service is not required in this instance.

Mutual America Corporation, the holder of 80% interest in the partnership, voted to replace the general partners. Although Code Ann. § 75-426 (1) (b) directs that the writing to amend a partnership shall be signed and sworn by all members, the defendants refused or failed to sign the amendment substituting the general partners. At first glance, it would appear that this creates a situation under which the general partners could prevent the accomplishment of a transaction to which they had agreed in the original partnership agreement by simply refusing to sign a document.

The dilemma, however, is not insoluble. Code Ann. § 75-426 (3) provides that in the event a person whose signature is necessary refuses to sign the amended certificate, the party desiring the amendment may petition the superior court of the county wherein the principal place of business of the partnership is located. The section further provides that if the court finds the petitioner has a right to have the writing executed, it shall order the clerk to record the amendment of the certificate. That is what the court did here and in so doing concluded that personal service upon Guy D. Cleveland was unnecessary. While the necessity for personal service in this setting is apparently a question of first impression, there is an

analogous provision for amendment of a corporate charter under a statute now repealed, former Code Ann. § 22-1818. In *John P. King Mfg. Co. v. Clay,* 218 Ga. 382 (128 SE2d 68) (1962), the court held the act of the court in approving an amendment to the corporate charter under this former law was a legislative rather than judicial act.

In the present case, the partnership agreement expressly empowers the holders of 75% interest in the partnership to remove a general partner. The parties to this action agreed to this unconditionally. When the holders of more than 75% of the interest in the partnership voted to remove the general partners, the action was then effective. No intervention by the court was necessary to accomplish the removal, and the only necessity for involving the court is to record the action already taken. This is the purpose of Code Ann. § 75-426, and the role of the court in this connection is that of carrying out a purely ministerial function. Under these circumstances, no personal service is required.

2. Defendants further contend that the court committed error in ordering final relief in the form of the recordation of the amendment to the partnership certificate after a rule nisi hearing. Having held in Division 1 above that the order of recordation is simply a memorial of action previously taken and ministerial in nature, we now conclude that it can appropriately take place following an interlocutory hearing. Furthermore, we have held that when no issues of fact are raised, a trial judge is authorized under Code Ann. § 81A-140 (b) to enter a final judgment after an interlocutory hearing. *Phillips v. Gladney,* 234 Ga. 399 (216 SE2d 297) (1975).

3. The final question before us is whether the court properly ordered an interlocutory injunction restraining and enjoining Consortium and its officers and agents from refusing to turn over Irondale's current records in view of the fact that Guy D. Cleveland was not personally served. There is no requirement of personal service prior to the issuance of an interlocutory injunction. Notice to the adverse party is all that is required by Code Ann. § 81A-165 (a) (1). Since Guy D. Cleveland was represented by counsel at the hearing which resulted in the injunction, it is apparent that he had notice of the hearing. Accordingly, the issuance of the injunction was not erroneous in the absence of personal service. Since we have found the order directing the recording of the amended certificate to be proper, we also find that the injunction based on the amended certificate was proper.

*Judgment affirmed. All the Justices concur.*

Submitted May 30, 1980 — Decided September 17, 1980.

*Frank B. Wilensky, Dennis M. Hall,* for appellants.
*John A. Chandler, John H. Parker, Jr., Randall A. Constantine,* for appellees.