40080. LESESNE et al. v. MAST PROPERTY MANAGEMENT, INC. et al.

MARSHALL, Presiding Justice.

The present imbroglio arises from a dispute between limited and general partners of Island Retreat, Ltd., which is a limited partnership organized for the purpose of constructing and managing an apartment project on St. Simons Island, Georgia.

The limited partnership was organized in 1978 by an investment adviser named Lesesne. This litigation began when Lesesne, as a limited partner of Island Retreat, filed a complaint against Mast Property Management, Inc., which manages the apartment project under written agreement with limited partnership. Mast is, in turn, owned by Baer, who is one of the two general partners of Island Retreat.

Under one section of the parties' limited partnership agreement, the limited partners whose aggregate percentages of interest exceed 50% may remove the general partners (or either of them) and select a person(s) or corporation(s) experienced in the real estate business to

become the successor of the general partners and to take over and assume the operations of the partnership.

Under another section of the agreement, if limited partners whose aggregate percentages of interests equal or exceed 30% notify the general partners that they wish to propose, among other things, (i) termination of any contract between the partnership and the general partners, or their affiliates; or (ii) removal of the general partners and appointment of a successor to the general partners, the general partners shall, within 30 days after such notice, mail to the limited partners a notice describing the proposal and a form to be returned indicating whether they oppose or approve the proposal.

Under the foregoing provisions of the limited partnership agreement, Baer has sent out such notices and the limited partners have voted unanimously to approve a proposal for termination of the management agreement between the limited partnership and Mast, as well as a proposal for the removal of Baer as general partner and the appointment of Lesesne as a successor general partner.

Baer argues, among other things, that the limited partners' votes for these proposals were obtained by fraud and misrepresentation on Lesesne's part. This alleged fraud and misrepresentation consists of statements by Lesesne that the partners were not receiving any return on their investments because Mast was mismanaging the property, as well as statements by Lesesne concerning the real estate experience of Brandon Management Co., a company which is controlled by Lesesne and which was recommended by Lesesne to the other limited partners as a new property manager. Baer has filed a countersuit against Lesesne based on this alleged fraud and misrepresentation.

The superior court has entered an order granting interlocutory injunctive relief to Baer and, thus, temporarily restraining removal of him as general partner and enjoining Lesesne from assuming management of the partnership's operations. This appeal is from that order. *Held:* We reverse for the following reasons.

" 'The grant or refusal of an interlocutory injunction rests in the sound legal discretion of the trial judge, according to the circumstances of each case [OCGA § 9-5-8 (Code Ann. § 55-108)]; and where the evidence is conflicting, his discretion will not be controlled, unless it is apparent that he has abused it. *Jones v. Lanier Development Co.,* 188 Ga. 141, 145 (1) (2 SE2d 923) and cit. *But the rule that the Supreme Court will not interfere with the discretion of the trial judge in granting or refusing an interlocutory injunction where the evidence is conflicting does not apply when the question to be decided by him is one of law. Washington National Ins. Co. v. Mayor &c. of Savannah,* 196 Ga. 126 (26 SE2d 359).' *Sirota v. Kay*

*Homes, Inc.,* 208 Ga. 113 (65 SE2d 597); *Danielsville & Comer Telephone Co. v. Sanders,* 209 Ga. 144 (1) (71 SE2d 226)." *Bell Industries v. Jones,* 220 Ga. 684, 685 (141 SE2d 533) (1965). (Emphasis supplied.)

The question of law here is whether the fraud and misrepresentation claim asserted by Baer against Lesesne would authorize the setting aside of the limited partners' vote removing Baer as general partner and appointing Lesesne as successor general partner.

The only authority on this question to which we have been cited is *Consortium Management Co. v. Mutual America Corp.,* 246 Ga. 346 (271 SE2d 488) (1980), as well as the line of cases represented by *Ga. Power Co. v. Busbin,* 242 Ga. 612 (250 SE2d 442) (1978).

In *Consortium Management,* supra, Mutual America, which held the majority interest in a limited partnership, exercised its right under the partnership agreement to remove the general partners and replace them with itself. When other partners refused to execute the amendment to the certificate of limited partnership effectuating the change, suit was brought in order to have the clerk of the court record such amendment. On appeal from a judgment entered in Mutual America's favor, we held that personal service of process on one of the former general partners was not necessary to maintenance of the action. 246 Ga., supra, at pp. 347, 348. No question was raised concerning the legal efficacy of Mutual America's decision to remove the general partners.

*Busbin,* supra, and the cases cited therein, hold that, although an employment terminable at will gives no rise to a cause of action against the employer for wrongful termination, an action may be maintained against a third person for tortious interference with the employment relationship.

In our opinion, the closest analogy to the present situation is found in *Busbin.* Here, the limited partners with the requisite aggregate percentages of interest had the right, for whatever reason, to remove Baer as general partner, replace him with Lesesne as successor general partner, and terminate the management agreement with Mast. As previously stated, the discharged employee in *Busbin* may have had a claim against a third person for tortious interference with his employment, but he had no claim against the employer for the wrongful termination thereof. By a similarity of reasoning, Baer has no right to be reinstated as general partner of Island Retreat, although he may or may not have a claim against Lesesne for tortious interference with whatever employment relationship he had with Island Retreat.

*Judgment reversed. All the Justices concur.*

DECIDED OCTOBER 4, 1983 —
REHEARING DENIED OCTOBER 25, 1983.

*Gilbert, Gilbert, Whittle, Harrell, Gayner & Scarlett, Wallace E. Harrell, Lamon, Elrod & Harkleroad, Jack M. Martin, Jr., Randall A. Constantine,* for appellants.

*Powell, Goldstein, Frazer & Murphy, Frank Love, Jr., V. Robert Denham, Jr., Bishop & Wainwright, James A. Bishop, James R. Tuten, Jr., John R. Ferrelle,* for appellees.