### S09A1320. ADAMS et al. v. SMITH.
(685 SE2d 270)

THOMPSON, Justice.

In this appeal, defendants question the propriety of the grant of a preliminary injunction. Finding that the injunction was properly issued to preserve the status quo,[1] we affirm.

Sherry Adams ("Sherry") and her ex-husband, Tommy Adams ("Tommy"), were joint owners of real property in Forsyth County. After a car wreck in 2005, Sherry was seriously incapacitated and her parents, Arthur and Laverne Keys, began acting on her behalf. In June 2006, Washington Mutual, which held a security deed on the Adams' property, initiated foreclosure proceedings. Tim Smith, who is related to Sherry by marriage, satisfied the security deed by paying

---

[1] See *State Farm Mut. Auto. Ins. Co. v. Mabry*, 274 Ga. 498, 509 (556 SE2d 114) (2001).

Washington Mutual the sum of $104,589.37. He also acquired a warranty deed from Tommy.

In November 2008, Smith filed a petition in the superior court in which he sought equitable relief. He alleged that on the eve of foreclosure, the Keys contacted him and asked for his help; that the Keys informed him that the probate court would be appointing them to be Sherry's guardians; that he and the Keys agreed that he would pay off the balance due on the Adams' loan to satisfy the security deed; that he would then sell the property; and that, after reimbursing himself, he and Sherry would share the proceeds equally. He also alleged that, relying on this understanding, he satisfied the security deed and accepted a deed from Tommy transferring his one-half undivided interest to him; that the probate court did, in fact, appoint the Keys as guardians of Sherry, but the Keys failed and refused to transfer Sherry's interest in the property to him or to cooperate with him in selling the property; that with the exception of a partial payment of property taxes, the Keys failed and refused to pay expenses incurred on the property; and that he bore the costs of expenses and repairs in the amount of $15,721.26. Based on these allegations, Smith sought the equitable partition of the property, the statutory partition of the property, the appointment of a receiver, an equitable accounting, and a constructive trust. Sherry filed an answer, by and through the Keys as her guardians, denying the material allegations of the petition and asserting the matter should be referred to the probate court.

Thereafter, in February 2009, the Keys filed a petition in the probate court for leave to sell or lease the property. Smith countered with a motion for a preliminary injunction in the superior court to prohibit the sale or other disposition of the property. Following an evidentiary hearing, the superior court granted Smith's motion and enjoined Sherry and the Keys from taking any action in furtherance of the sale or disposition of the property. This appeal followed.

1. Defendants assert that Smith has an adequate remedy at law and that, therefore, the superior court erred in permitting him to pursue equitable relief. In this regard, defendants posit that probate courts have original and exclusive jurisdiction over matters regarding persons, like Sherry, who are incapacitated;[2] that Smith's claims are nothing more than legal claims pertaining to real property and money had and received; that the probate court is empowered to resolve such claims; and that, therefore, Smith must pursue his claims, at law, in the probate court. We disagree.

To say that Smith's petition can be boiled down to claims for real

---

[2] OCGA § 15-9-30.

property and the money Smith paid to satisfy the security deed is an oversimplification. Smith's claims are varied and are primarily equitable, not legal, in nature. It follows that he can, and must, pursue his claims in the superior court — the only court empowered to wield equitable power in this state. OCGA § 23-1-1. And while it is true that equity will not afford relief where there is an adequate remedy at law, *Besser v. Rule*, 270 Ga. 473 (510 SE2d 530) (1999), adequate legal remedy does not mean any legal remedy. *Southern Healthcare Systems v. Health Care Capital Consolidated*, 273 Ga. 834 (545 SE2d 882) (2001). To be adequate, the legal remedy must be as practical and efficient as the remedy in equity. Id.; OCGA § 23-1-4. The legal remedies available to Smith do not offer as full and complete relief as do his remedies in equity.

2. The Keys assert the superior court erred by enjoining them from taking steps to sell the property because they were not properly named as party defendants. This assertion is without merit. As Sherry's guardians and conservators, the Keys act as agents on Sherry's behalf. Thus, they were bound by the terms of the injunction as soon as they received notice of it. OCGA § 9-11-65 (d); see *Consortium Mgmt. Co. v. Mutual America Corp.*, 246 Ga. 346, 348 (3) (271 SE2d 488) (1980).

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 19, 2009.

*Deming & Hoyt, Robert P. Hoyt*, for appellants.
*Eric S. Chofnas*, for appellee.