295 Ga. 150
FINAL COPY

S14A0157.  ABEL & SONS CONCRETE, LLC et al. v. JUHNKE et al.

NAHMIAS, Justice.

This appeal stems from a dispute over equipment owned by Tri-State Concrete Contracting, an unincorporated sole proprietorship.  Abel Ramirez worked at Tri-State, and when its proprietor, DuWayne Juhnke, died, Ramirez entered an agreement with Mr. Juhnke's wife, Joyce Juhnke, to continue operating Tri-State and to make payments to purchase Tri-State and its equipment.

After making some payments, Ramirez stopped, opened Abel & Sons Concrete, LLC, and started doing Tri-State's jobs with Tri-State's equipment without paying for the use of that equipment.  In response, Mrs. Juhnke and the administrator of Mr. Juhnke's estate ("Appellees") sued Ramirez and Abel & Sons ("Appellants") along with Dollar Concrete Construction Company, the company that was storing the equipment and allegedly letting Appellants use it without Appellees' permission.  The complaint, filed in February 2012, asserted several claims including conversion, unjust enrichment, and breach of contract;

Appellees requested money damages but did not seek temporary or permanent injunctive relief to prevent Appellants from using the equipment, which Appellants apparently continued to use.

In early 2013, Appellees and Dollar filed cross-motions for summary judgment; the motions made no mention of injunctive relief. Dollar requested oral argument, and on May 8, 2013, the trial court sent notice of a hearing on the summary judgment motions to all parties, including Appellants, who had not filed anything in connection with the motions. The hearing was held on June 6; there is no transcript. In an order filed on June 21, the trial court denied both motions for summary judgment, explaining that it is undisputed that Dollar does not own the equipment and that Appellees do not have access to it, but there is a genuine factual dispute as to the ownership of the equipment and whether Dollar had refused Appellees' demand for its return. The order states that "[a]ll interested parties and/or counsel were present" at the June 6 hearing, but it is undisputed that Appellants and their counsel did not attend.

The order also noted that although Appellees and Dollar had asked at the hearing for time to resolve how Dollar would relinquish the equipment, they had not presented a consent order, so the court sua sponte required Dollar to place

2

the equipment outside its locked storage yard within 30 days and after giving seven days' notice to Appellants and Appellees to allow them to "arrange to retrieve and store same pending determination as to ownership." The order further directed Appellants and Appellees not to "transfer, damage, or use the property pending determination as to ownership" and to equally share the costs of moving and storage. These portions of the order comprised, in substance, an interlocutory injunction, and Appellants filed this appeal challenging the injunction against them on the ground that they were not given notice before the court imposed it.[1] That complaint has merit.

"The granting and continuing of injunctions shall always rest in the sound discretion of the judge, according to the circumstances of each case. . . ." OCGA § 9-5-8. However, "[n]o interlocutory injunction shall be issued without notice to the adverse party." OCGA § 9-11-65 (a) (1). Appellees argue that the notice requirement was satisfied here because Appellants were served with the cross-motions for summary judgment and given notice of the hearing on those

---

[1] Interlocutory injunctions may be immediately appealed. See OCGA § 5-6-34 (a) (4). Appellants directed their appeal to the Court of Appeals, which properly transferred it to this Court on the ground that the issue on appeal "involves the legality or propriety of equitable relief." Beauchamp v. Knight, 261 Ga. 608, 609 (409 SE2d 208) (1991). See Ga. Const. of 1983, Art. VI, Sec. VI, Par. III (2).

3

motions that precipitated the court's issuance of the injunction. Appellees contend that Appellants should have gleaned from the fact that ownership of the equipment was the only disputed issue in the case that an injunction was a possible result of the summary judgment motions, and that Appellants' failure to respond to the motions and to attend the hearing waived any objection to the injunction imposed after the hearing.

It is true that the summary judgment motions indicated that ownership of the equipment was in dispute. In its motion, Dollar argued, in part, that it was entitled to summary judgment as to Appellees' allegations of conversion because Ramirez was a one-half owner of the equipment and therefore allowed to use it. In their cross-motion, Appellees also focused on the issue of ownership, alleging that they were the rightful owners of the equipment and that Dollar had kept the equipment without authorization and refused their demands to return it. In its reply brief, however, Dollar changed tack and argued that it was entitled to summary judgment even if Appellees were the sole owners of the equipment because Dollar had never allowed Ramirez to use the equipment and did not, in fact, control the comings and goings of the equipment.

Thus, the summary judgment motions did not clearly require the trial court

4

to decide who owned the equipment, much less how the equipment should be handled *during* the litigation. Moreover, none of the summary judgment filings mentioned equitable relief, Appellees had not requested injunctive relief in their complaint, and the hearing notice — which was titled "Notice of Summary Judgment Hearing" and informed the parties that the cross-motions were set "for hearing and argument" — similarly gave no indication that an injunction was contemplated as a result of the hearing. In short, neither the parties nor the court had raised the issue of injunctive relief before the hearing, and Appellants therefore had no reason to expect that the hearing would lead to an interlocutory injunction against them. See Smith v. Guest Pond Club, Inc., 277 Ga. 143, 144-145 (586 SE2d 623) (2003) (holding that the grant of a permanent injunction was improper because notice of a hearing on interlocutory relief did not constitute fair warning that the hearing would concern permanent injunctive relief).

Because the summary judgment hearing was not transcribed, we do not know how the possibility of an interlocutory injunction arose, although the court's order indicates that it was discussed by counsel for Appellees and Dollar. *Those* parties thus may have had some notice that an injunction might follow the

5

hearing, and some opportunity to present evidence and arguments as to the propriety and scope of such equitable relief, but Appellants did not, as they did not, and were not required to, attend the hearing. Compare <u>Consortium Mgmt. Co. v. Mutual America Corp.</u>, 246 Ga. 346, 347-348 (271 SE2d 488) (1980) (concluding that the defendant had the required notice of the injunction because he had notice of and representation at the hearing on plaintiff's action requesting, among other things, an injunction).

Because Appellants did not have proper notice of the interlocutory injunction, the trial court abused its discretion in imposing it against them, and the portion of the court's order issuing equitable relief binding Appellants must be vacated. On remand, the trial court retains discretion to enter an interlocutory injunction if needed to safeguard the equipment at issue, but only after providing proper notice and the opportunity for an evidentiary hearing to all affected parties.

<u>Judgment vacated in part and case remanded. All the Justices concur.</u>


Decided May 5, 2014.

Equity. Gwinnett Superior Court. Before Judge Conner.

6

Anderson & Ealick, James M. Anderson III, L. Spencer Gandy, Jr., for appellants.

Jacobs & King, Scott R. King, Steven M. Lefkoff, for appellees.